THE KANSAS, OKLAHOMA & TEXAS RAILWAY COMPANY
v. ISAAC F. SMITH.

RAILROAD COMPANY, *Consolidated with Other Companies, Ceases to Exist.*
Where a railroad company is consolidated with other railroad com-
panies under a new name, it ceases to exist as a corporation, and an
action brought by or against such railroad company before its con-
solidation cannot afterward be prosecuted by or against it or in its
original name.

*Error from Wilson District Court.*

CONDEMNATION proceeding for railroad right-of-way. The
opinion states the case.

*Geo. R. Peck, A. A. Hurd,* and *Robert Dunlap,* for plain-
tiff in error.

*S. S. Kirkpatrick,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: On March 15, 1886, the Kansas, Okla-
homa & Texas Railway Company instituted proceedings for
the condemnation of a right-of-way for its railway through
Wilson county, and in such condemnation proceedings the
commissioners assessed damages to Isaac F. Smith, one of the
owners of land through which the railway was located, to the
amount of $335. On May 6, 1886, Smith filed an appeal
bond with the county clerk of that county for the purpose of
taking the proceedings on appeal to the district court. On
May 31, 1886, the said railway company and about nine other
railway companies consolidated with each other under the laws
of Kansas, (Comp. Laws of 1885, ¶ 5221,) and formed one
single railroad company under the corporate name of "the
Chicago, Kansas & Western Railroad Company." On Au-
gust 18, 1886, the condemnation proceedings, so far as they
related to Smith's appeal, were filed in the district court. On
September 16, 1886, Smith filed a petition in the case setting
forth the grounds of his complaint, which petition was entitled

"Isaac F. Smith v. The Kansas, Oklahoma & Texas Railway Company," and prayed in such petition for a judgment against such railway company for the sum of $1,500 as damages. On September 28, 1886, an answer was filed purporting to be the answer of the Kansas, Oklahoma & Texas Railway Company, entitled in the same way as the petition had previously been entitled, and denying generally all the allegations of the petition. On October 6 to 8, 1886, a trial was had before the court and a jury — the plaintiff, Smith, appearing in person and by counsel, and the supposed railway company purporting to appear by counsel, and on October 8, 1886, a verdict and judgment were rendered in favor of the plaintiff, Smith, and against the supposed railway company, for $950. On May 28, 1887, a petition in error with a case-made for the supreme court was filed in this court, purporting to make the Kansas, Oklahoma & Texas Railway Company the plaintiff in error, and Isaac F. Smith the defendant in error; which petition in error prayed for a reversal of the aforesaid judgment. On September 29, 1888, a motion was filed in this court by counsel for Smith asking that the aforesaid petition in error and case be dismissed from this court on the ground that the aforesaid railway company had by its voluntary consolidation with the other railway companies ceased to exist as a corporate entity; had become defunct and cannot now prosecute a petition in error in the supreme court.

We think the motion for dismissal must be sustained. On May 31, 1886, when the Kansas, Oklahoma & Texas Railway Company consolidated with the other railway companies, it ceased to exist as a corporation. (The State v. Comm'rs of Nemaha Co., 10 Kas. 569, 578, et seq.; Penn. College Cases, 13 Wall. 190.) And everything that has since transpired upon the basis of the aforesaid railway company's being a corporation — indeed, everything that has transpired in this case since May 31, 1886, is void. Counsel for the supposed railway company resist the aforesaid motion upon the ground that although the aforesaid railway company may have ceased to exist as a corporate entity and become defunct, yet that the action might after that

13 — 40 KAS.

time be carried on and prosecuted to its final termination, as it was prosecuted in the district court, in the name of the defunct corporation, under § 40 of the civil code. That section reads as follows:

"Sec. 40. An action does not abate by the death or other disability of a party, or by the transfer of any interest therein, during its pendency, if the cause of action survive or continue. In case of the death or other disability of a party, the court may allow the action to continue by or against his representative or successor in interest. In case of any other transfer of interest, the action may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action."

This section does not warrant this interpretation. It is true, that under this section there may be cases where a change or transfer of interest in the subject-matter of the action has occurred, and yet where the action may be continued to be prosecuted and defended in the names of the original parties to the suit; but none of such cases is this case. In all cases of the death *or other disability* of a party, the action can then be continued only by or against the *representatives* or *successors in interest* of such party, and not in such party's own name. It is only in cases of a transfer of interest, where the original party *still exists*, and where he or it is still able to prosecute or defend in his or its own name, that the action may be continued to be prosecuted to the end in his or its own name; but that is not this case. This case is where the original party has ceased to exist, has become defunct, is dead, and therefore not able either to prosecute or defend.

The motion filed in this case to dismiss will be sustained, and the petition in error and case will be dismissed from this court.

All the Justices concurring.