L. J. CUNKLE v. THE INTERSTATE RAILROAD COMPANY.

RAILROAD COMPANIES — *Consolidation* — *No Revivor of Action.* In an action against a railroad company, judgment was given in its favor, when the plaintiff instituted a proceeding for review in the supreme court. After that time the defendant and other railroad companies were consolidated under a new name, and the defendant company ceased to exist. The consolidated company succeeded to the property, powers and privileges as well as the obligations and liabilities of the defendant company. No motion was made to substitute the successor, or to revive the proceeding in its name, until more than a year after the defendant company had become defunct, and the successor re-fused its consent to such revivor. *Held*, That no revivor could then be had in the name of the successor, and that the proceeding in error must be dismissed.

*Error from Greenwood District Court.*

THE nature of the action and the material facts appear in the opinion herein, filed November 11, 1893.

*C. N. Sterry*, for plaintiff in error.

*B. P. Waggener*, and *David Kelso*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action to recover an award made in a condemnation proceeding for a right-of-way through the land of L. J. Cunkle for the Interstate Railroad Company. The commissioners who were duly appointed made an award of $406.25 for the land taken and the damages done, and this amount the railroad company deposited with the county treasurer, after which time the company took possession of the land so set apart, and built a railroad over it for a distance of 325 feet. Cunkle appealed from the award, and in the district court it was increased to $1,727.50. The company was unwilling to pay this sum for the right-of-way, and it was announced that the award would not be paid nor the right-of-way used, and later the track was taken up and built elsewhere. Afterward, upon an order of the dis-

trict court, the money which was deposited with the county treasurer to pay the first award was withdrawn by the company, and no part of the award made in the district court has ever been paid. The present proceeding was then begun, and the court to which it was submitted found that the company had abandoned the land set apart for its right-of-way, and that Cunkle was not entitled to recover the award. The plaintiff excepted to the rulings and judgment of the district court, and the case was brought here for review on June 10, 1890. On July 3 of the same year, the defendant company was consolidated with the St. Louis & Emporia Railroad Company, under the name of the Interstate Railway Company, and on January 10, 1891, in pursuance of statute, the Interstate Railway Company was consolidated with 11 other railroad companies, and the name of the new company was the Kansas & Colorado Pacific Railway Company. Under the agreement of consolidation, it was provided that the consolidated company should own and control the properties and privileges of the constituent companies, and should be subject to all the obligations and liabilities to the state which belonged to or rested upon either of the companies making the consolition.

The defendant moves to dismiss the proceeding in this court, contending that, under the authority of *Railway Co. v. Smith*, 40 Kas. 192, the defendant company had, by its consolidation with the other companies, ceased to exist as a corporation, and that no legal proceeding could be taken against it. At the same time the plaintiff moves to substitute the Kansas & Colorado Pacific Railway Company as the successor of the defendant in error. The new or consolidated company succeeds to the obligations and liabilities of the defendant company, as well as to its property, privileges, and powers. (*Railroad Co. v. Ryan*, 49 Kas. 1; *Berry v. Railroad Co.*, 52 id. 759, 774.) The fact that the defendant has become defunct does not of itself cancel its obligations nor defeat the plaintiff in maintaining an action for the recovery of any valid claim which he has against it, providing action is

seasonably taken.   The action of *Railway Co. v. Smith,* supra, holds that when a railroad company is consolidated with another under a new name it ceases to exist, and that any proceedings before consolidation cannot afterward be continued or carried on in the name of the defunct corporation.   It does not decide that the new consolidation destroys an existing right of action, or that it necessarily defeats a pending proceeding.   Indeed, it is plainly intimated that a proceeding upon the death of the defendant can thereafter be continued only in the name of the successor in interest of such defunct party.

It is conceded that the defendant company is dead, and further, that its successor is the Kansas & Colorado Pacific Railway Company.   The code authorizes the revivor and continuance of an action or proceeding against the representative or successor in interest of the party that has ceased to exist, and provides how and when it may be done.   (Civil Code, §§ 40, 425–435.)   There is no other or different method of substituting a successor of a dead party as defendant, and reviving the action in the name of such successor, than is prescribed in the last sections named, and which may be found in article 19 of the code.   They provide that such a substitution or revivor may be made by the order of the court or judge, but they further provide that such an order cannot be made without the consent of the successor, unless it is done within one year from the time it could have been first made. ( Civil Code, § 433.)   This is a positive requirement of the statute, and hence the motion of the plaintiff comes too late. More than three years elapsed after the consolidation was effected before the application to substitute was made, and the successor of the defendant appears and expressly declines to give its consent to the substitution or revivor.   The proceeding in error must, therefore, be dismissed.

All the Justices concurring.