THE CHICAGO, KANSAS & WESTERN RAILROAD COMPANY v. S. J. BUTTS.

1. ORDER OF SUBSTITUTION — *Appeal — Extent of Review*.    An order of substitution is not a final one, and if a petition in error is filed within one year after the rendition of the judgment, this court will review not only the judgment but the intermediate and interlocutory orders made at any time in the progress of the case.

2. AWARD OF DAMAGES — *Appeal — Parties*.    In an appeal to the district court from an award of damages in a railway condemnation, the landowner becomes the plaintiff and the railway company the defendant.

3. REVIVOR, *not Consented to.* Upon the facts disclosed by the record, *held,* that the plaintiff in error did not consent to the revivor or substitution and voluntarily enter a general appearance.

4. EMINENT DOMAIN — *Consolidation of Railroad Companies.* Where a railway corporation, pending an appeal against it in a right-of-way condemnation, consolidates with other companies, no proceeding for revivor or substitution against the new corporation can be commenced after one year from the consolidation, except by its consent. (Following *K. O. & T. Rly. Co. v. Smith,* 40 Kas. 192, and *Cunkle v. Interstate Rld. Co.,* 54 id. 194.)

*Error from Sumner District Court.*

THIS case arose out of a condemnation proceeding originally instituted by the LeRoy & Western Railway Company. The commissioners for condemnation filed their report April 22, 1886. S. J. Butts, a landowner, appealed from the award. On or about May 31, 1886, the said LeRoy & Western Railway Company entered into articles of consolidation with several other railway companies of the state, thus forming the consolidated corporation known as the Chicago, Kansas & Western Railroad Company. It is the same consolidation proceeding referred to in the case of *K. O. & T. Rly. Co. v. Smith,* 40 Kas. 192. Notwithstanding said consolidation, however, said S. J. Butts, as plaintiff in the court below, on October 20, 1886, filed his petition against the said LeRoy & Western Railway Company, claiming damages in a large sum, and on November 1, 1886, the LeRoy & Western Railway Company filed its answer admitting all the allegations of the petition, except those of value and damages, and alleging that the amount allowed by the commissioners was adequate. The consolidation proceeding was not referred to either in the petition or answer. The case was tried in the district court of Sumner county in December, 1886, and the plaintiff below was awarded the sum of $2,796.85 as damages. The said

LeRoy & Western Railway Company prosecuted its petition in error in this court, where the judgment was reversed at July term, 1888, on questions of evidence. (40 Kas. 159.) Nothing was said or intimated in this court about the consolidation. On November 8, 1889, the plaintiff in the court below filed his motion that the Chicago, Kansas & Western Railroad Company be substituted as the party defendant, and that the plaintiff be permitted to file an amended petition against said consolidated company. The consolidation was averred in the motion, and it was further alleged that the LeRoy & Western Railway Company ceased to exist as a corporation by the terms and conditions of the articles of consolidation, and that the Chicago, Kansas & Western Railroad Company had succeeded to its rights and had assumed and agreed to pay its obligations. This motion was heard June 16, 1890, the proceeding being entitled as in the original action, the plaintiff appearing by his attorneys, and the LeRoy & Western Railway Company appearing by its attorneys, and after hearing the arguments of counsel said motion was sustained and the plaintiff was allowed to file his supplemental and amended petition, the defendant and the Chicago, Kansas & Western Railroad Company excepting, and the Chicago, Kansas & Western Railroad Company was granted 30 days in which to plead to the supplemental and amended petition. The record does not show that any notice or summons was served upon the Chicago, Kansas & Western Railroad Company. The supplemental and amended petition was filed setting up quite fully the prior proceedings, including the consolidation, and alleging among other things that the LeRoy & Western Railway Company ceased to exist as a corporate entity on May 31, 1886. The

Chicago, Kansas & Western Railroad Company filed its answer, being a general denial, and a further defense to the effect that the order of the court reviving the action and substituting the Chicago, Kansas & Western Railroad Company instead of the LeRoy & Western Railway Company was not made within one year, nor by its consent, but that it objected to the same, and now asked that the action be dismissed. The case came on for trial September 26, 1890, when the defendant objected to the introduction of any evidence, for the reason that the supplemental and amended petition did not state facts sufficient to constitute a cause of action, and affirmatively showed that the action was not revived in time. At the close of the plaintiff's evidence, the defendant demurred thereto, and after the testimony was concluded on both sides the defendant requested the court to instruct the jury that the plaintiff was not entitled to recover against the Chicago, Kansas & Western Railroad Company, and that they return a verdict in favor of the defendant. A verdict was returned in favor of the plaintiff for $3,399.64, and judgment was entered on the verdict. The defendant filed a motion for a new trial, alleging among other things that the court erred in making the order of revivor and substituting the Chicago, Kansas & Western Railroad Company. A petition in error was filed in this court July 16, 1891.

A. A. Hurd, O. J. Wood, and W. Littlefield, for plaintiff in error.

A. E. Parker, for defendant in error.

The opinion of the court was delivered by

MARTIN, C. J.: I. The defendant in error claims that the order of substitution cannot be reviewed, be-

cause it was made more than one year prior to the filing of the petition in error in this court.    It is enacted by § 556 of the code, as amended in 1881, that ''no proceeding for reversing, vacating or modifying judgments or final orders shall be commenced, unless within one year after the rendition of the judgment or making of the final order complained of.''   The order of substitution, however, was neither a judgment nor a final order within the meaning of said section, nor of §§ 542 and 543 of the code, and, as the petition in error was filed within less than one year after the judgment was rendered, it is the duty of this court to examine, not only the final judgment, but the intermediate and interlocutory orders made at whatever time in the progress of the case, the same being involved in the judgment.

II.   It is also contended that where a railroad company institutes a condemnation proceeding it is really the plaintiff, and if any revivor or substitution was necessary the proceeding should be instituted by the railroad company, and it had no right to complain because the landowner did so after the expiration of one year.   This contention cannot be maintained.   In *Boom Co. v. Patterson,* 98 U. S. 403, Patterson had taken an appeal to the district court from an award of condemnation in a proceeding instituted by the Boom Company.   On petition of the Boom Company, the cause was removed to the federal court, and it became an important question there whether the proceeding was a suit at law or in equity, for otherwise it could not be removed.   The court says :

'' The proceeding in the present case before the commissioners appointed to appraise the land was in the nature of an inquest to ascertain its value, and not a suit at law in the ordinary sense of those terms.   But

when it was transferred to the district court by appeal from the award of the commissioners it took, under the statute of the state, the form of a suit at law, and was thenceforth subject to its ordinary rules and incidents. The point in issue was the compensation to be made to the owner of the land; in other words, the value of the property taken. . . . The case would have been in no essential particular different had the state authorized the company by statute to appropriate the particular property in question and the owners to bring suit against the company in the courts of law for its value.''

This court has also held that the appealing landowner is properly the plaintiff in the case. (*Railroad Co. v. Owen*, 8 Kas. 409; *Railroad Co. v. Orr*, 8 id. 419; *Reisner v. Strong*, 24 id. 418.)

III. The claim that the Chicago, Kansas & Western Railroad Company consented to the revivor or substitution and voluntarily entered a general appearance, is not justified by the record. Although the motion for substitution was filed in the original case November 8, 1889, it does not appear that any notice was given of its pendency. It was called up on June 16, 1890, in the name of the original parties only. But when the order was made, the Chicago, Kansas & Western Railroad Company excepted. When it filed answer, as it was bound to do under the order of the court, it made the defense that the proceedings for revivor or substitution were invalid, and at every stage of the case it held to this position. We cannot say, that notwithstanding all this, it consented to the revivor or substitution and voluntarily entered its appearance.

IV. This brings us to the main question as to said order of revivor or substitution. Counsel for defendant in error earnestly and ably contends that the construction heretofore given to §§ 40 and 425 to 435 of

the code, in treating old corporations which have consolidated into a new one as defunct, so as to require a revivor or substitution within one year (unless by consent), in the same manner as in the case of a deceased party, being a natural person, cannot be maintained on reason or authority, and that an order of substitution of the new company in place of the old can be made at any time as well after as before the expiration of one year from the consolidation, and without the consent of the new corporation. We have given due consideration to the argument of counsel, but it fails to satisfy us that the doctrine announced by the court in *K. O. & T. Rly. Co. v. Smith*, 40 Kas. 192, and *Cunkle v. Interstate Rld. Co.*, 54 id. 194, was erroneous, and we feel it our duty to follow those decisions. The limitation of one year may work a hardship in this case and in others, as it may do in the case of natural persons who die during the pendency of an action. The means of knowledge of a consolidation of railway corporations are much better than those respecting the death of a natural person who may reside far away. Such consolidation is generally a matter of public notoriety along the line of the railway, and the articles must be filed in the office of the secretary of state, and thus become a public record, accessible to all inquirers. It may seem strange, also, that, after counsel have appeared for a defunct corporation for more than a year after its consolidation into a new company, the latter may successfully insist that it cannot be substituted in place of the old one, but this is a necessary consequence of the position that by the consolidation the old company has ceased to exist, and that revivor proceedings are necessary to keep the case pending in court against its successor. In the case above cited from 40 Kas. 192, under this same

consolidation, the landowner succeeded in obtaining judgment against the old company, which commenced a proceeding in error in this court, but on motion of the landowner the case was dismissed, this court holding that all the proceedings subsequent to the consolidation were void. This, of course, left the landowner without any valid judgment. What proceeding, if any, can be maintained by the landowner in such cases we need not discuss.

The judgment of the district court will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.