### R. W. HODGSON v. ROBERT E. McKINSTREY.
### No. 60.

NATIONAL BANKS — *Cannot be Sued while in Liquidation.*   Under the act of congress for the organization of national banking associations, where parties have complied with its provisions and are once organized, the organization becomes a body corporate and possesses such rights, powers and obligations as are provided for in the law of its organization, and may go into voluntary liquidation and dissolve its corporate existence by a vote of its shareholders owning two-thirds of its stock; and when the corporation has gone into liquidation and dissolved its corporate power ceases, and

it can neither sue nor be sued and cannot be represented as a party to a suit by its former officers or shareholders, and any judgment rendered against a national banking association after it has been dissolved is absolutely void, and may be collaterally called in question by any person affected thereby.

· MEMORANDUM.—Error from Kingman district court; S. W. LESLIE, judge. Action by Robert E. McKinstrey against R. W. Hodgson to recover on an appeal bond. Judgment for plaintiff. Defendant brings the case to this court. Reversed. The opinion herein, filed December 7, 1895, states the material facts.

*S. S. Ashbaugh,* for plaintiff in error.

The opinion of the court was delivered by

JOHNSON, P. J.: Robert E. McKinstrey attempted to commence an action before a justice of the peace against the Citizens National Bank of Kingman, Kansas, a former banking corporation organized under the laws of the United States, and upon attempted service of a summons upon R. W. Hodgson, the former president of said banking corporation, a judgment was pretended to be rendered for the plaintiff below, and thereafter an appeal bond was filed, signed by R. W. Hodgson, as surety, and the cause taken to the district court; and thereafter such proceedings were pretended to be had as resulted in a pretended judgment in favor of McKinstrey against the Citizens National Bank of Kingman, Kansas; afterward execution was issued on such judgment, and returned unsatisfied, and this suit was then instituted in the district court of Kingman county, Kansas, by Robert E. McKinstrey against R. W. Hodgson upon such appeal bond. The petition of the plaintiff below was an ordinary petition on the bond, setting forth the

commencement of the suit before the justice of the peace, rendition of judgment, the signing of the appeal bond by R. W. Hodgson, its approval by the justice of the peace, with a copy of said bond attached; the trial of the case in the district court on the appeal; the rendition of judgment therein in favor of Robert E. McKinstrey against the Citizens National Bank of Kingman, Kansas; the issuance of execution thereon; the return thereof 'not satisfied; and praying judgment against said Hodgson for the amount of the judgment, interest, and costs. To this petition the said R. W. Hodgson made his answer, setting up three separate defenses. The first defense admits the signing of the appeal bond, but denies that the suit wherein the appeal bond was given was at that time, or at any time, legally pending against the Citizens National Bank of Kingman. The second defense is as follows:

"And for a further and more particular answer herein, defendant alleges that on the 24th day of December, 1888, the said Citizens National Bank, the defendant in the action wherein said bond was given, as set out in plaintiff's petition, went into voluntary liquidation and dissolution, and its existence as a corporation was on that day, to wit, December 24, 1888, entirely terminated and forever ended; and that this result was reached by reason of the said bank having prior to that day duly and properly taken and pursued all the steps and done all the acts provided and required by the statutes of the United States for the voluntary liquidation and dissolution of national bank corporations organized under and by virtue of said statutes; that the pretended service of process upon said Citizens National Bank, as set out in plaintiff's petition, and the pretended appearance of said bank, by its attorneys or otherwise, was utterly null, void, and of no effect, because and by reason of the said voluntary liquidation and dissolution of said corporation de-

fendant, prior thereto, to wit, on said 24th day of December, 1888 ; and further denies that any legal or valid judgment was ever, at any time, rendered against said Citizens National Bank in said action of Robert E. McKinstrey against the same, as in plaintiff's petition claimed and set out, for the reason that long prior thereto the said bank had been disincorporated and become non-existent by and through its said voluntary liquidation and dissolution.''

To the second defense the plaintiff below demurred for the reason that it does not state facts sufficient to constitute a defense to the plaintiff's action. This demurrer was sustained by the court, and the defendant below excepted to the ruling of the court sustaining said demurrer. Afterward, a trial was had upon the petition and defense set out in the first and third defenses of the answer, and resulted in a judgment in favor of McKinstry against Hodgson, and the plaintiff in error made a case and brings the matter to this court for review.

The sole question for the consideration of this court is whether the facts stated in the second defense of the defendant below constituted any defense to the petition of the plaintiff below. The plaintiff below, by his demurrer, admitted the truth of all the facts stated in the second defense set up in said answer, and all reasonable conclusions to be drawn therefrom most favorable to the defendant below. The original suit was pretended to be instituted against the Citizens National Bank of Kingman, Kansas, which had formerly been a corporation created under the well-known act of congress to provide a national currency, secured by pledge of United States bonds, which act provides the mode in which the banking associations are to be organized under articles of association, and that every association formed pursuant to this provision shall

''be a body corporate,'' and ''have succession by the name designated in its organization certificate, and for a period of 20 years from its organization, unless sooner dissolved.'' By such name it may, sue and be sued, complain and defend, as fully as natural persons.

A corporation is defined to be the association of persons in law under a particular name, with such powers, rights and obligations as are prescribed by the law of its creation, to carry on the business for which it was organized so long as the corporate entity may exist, and when the corporation is dissolved all corporate power ceases. When a corporation is dissolved it ceases to exist for any cause, and is considered as civilly dead, and can no more act by its agents or otherwise than a natural person under the same circumstances.

The second defense set up in the answer of the defendant alleges that, on the 24th day of December, 1888, the Citizens National Bank of Kingman, Kansas, went into voluntary liquidation and dissolved, and its existence as a corporation was that day entirely and forever ended, and states the manner of its dissolution. The act of congress under which national bank associations are created provides that any association created under the act may go into liquidation and be closed by a vote of its shareholders' owning two-thirds of its stock. The corporate existence of the Citizens National Bank of Kingman, Kansas, having been terminated by its dissolution, its corporate powers ceased, and it could neither sue nor be sued, and could not be represented as a party to any suit. There can be no suit without parties plaintiff and defendant, and where either of the parties is dead the court cannot acquire any jurisdiction over such party, and any judgment or order taken against a

dead person is void and binds no person. We think the case of *K. O. & T. Rly. Co. v. Smith*, 40 Kan. 192, is decisive of this case. Mr. Justice VALENTINE, speaking for the court, says:

"In all cases of the death or other disability of a party, the action can then be continued only by or against the representatives or successors in interest of such party, and not in such party's own name. . . . This case is where the original party has ceased to exist, has become defunct, is dead, and therefore not able to prosecute or defend."

The same position is affirmed in the case of *Cunkle v. Interstate Rld. Co.*, 54 Kan. 194. It follows from these decisions, as well as from general rules of law respecting parties to a suit, that the court erred in sustaining the demurrer of the plaintiff below to the second defense set up by defendant below in his answer.

The judgment of the district court is reversed, and the case remanded to the district court, with direction to grant a new trial, and to overrule the demurrer of the plaintiff to said second count of defendant's answer.

All the Judges concurring.