No. 30,021.

J. D. HINKLE, *Appellant,* v. GEORGE W. WARD, Revived in the Name of A. M. FLEMING, Administrator with the Will Annexed of the Estate of George W. Ward, Deceased, *Appellee.*

(2 P. [2d] 83.)

Opinion filed July 3, 1931.

*H. O. Trinkle,* of Garden City, for the appellant.

*C. E. Vance, Clifford R. Hope* and *A. M. Fleming,* all of Garden City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: J. D. Hinkle brought this action to rescind a contract made in his purchase of real property from the defendant, George W. Ward. At the close of his evidence the court sustained a demurrer thereto and gave judgment for the defendant. Plaintiff appeals.

Ward, it appears, owned the property contracted for, which consisted of two lots in the town of Pierceville, on which there was a building designed to be used in part as a garage and in part as a

residence. After an examination of the property by the plaintiff an agreement was arrived at and a purchase made for the price of $2,000. The terms were $200 in cash, a used automobile of the estimated value of $400 and a note for $1,400 secured by a mortgage on land of plaintiff in Finney county. After the agreement was made a deed was executed by Ward for the property, whereupon the cash payment of $200 to Ward was made, the automobile delivered and the note and mortgage executed and delivered. The son of plaintiff, for whose use the property was purchased, went into and remained in possession about a week. There was some dispute as to whether an abstract of title of the property was to be furnished. When plaintiff later asked defendant for an abstract the defendant in reply asked plaintiff for an abstract of the mortgaged land, and this was refused. The defendant did not furnish plaintiff an abstract when requested, but did shortly after this action was brought. In addition to the facts stated plaintiff claimed and gave testimony to the effect that he learned, after his purchase, of a previous contract of sale by defendant to Reitberg, who had entered into possession of the property in February, 1929, and had therein a stock of automobile equipment, and in the following September Reitberg became a bankrupt, when the stock he had on hand was turned over to a trustee in bankruptcy. At the time of the sale in question Ward told the plaintiff that the stock was in bankruptcy, but did not tell him that the building or lots were involved in bankruptcy. It appears that there had been no transfer of title to Reitberg of the property.

Plaintiff claims that when he purchased the property he was told by Ward that the title was clear and that immediate possession could be given and that when he learned that a contract of sale had been previously made, and of the bankruptcy proceeding, he concluded to and did rescind the transfer. He brought this action at once, but it appears that he has not tendered the deed back to the defendant, and that the latter still retains the money paid as well as the automobile and the notes and mortgage previously given.

Plaintiff insists that the judgment denying him the remedy of rescission should be reversed. The defendant, on the other hand, raises the question, first, that the plaintiff has no appeal here, and second, that there has been no valid revivor of the judgment. Was an appeal taken within the time limit? The decision sustaining the

demurrer to plaintiff's evidence was rendered May 26, 1930. A motion for a new trial was filed on May 28, 1930, which was overruled on September 3, 1930. Ward died on October 8, and on October 31, 1930, A. M. Fleming was appointed administrator of his estate. On November 26, 1930, the last day of the six-month period for the taking of an appeal, a notice of appeal was served upon A. M. Fleming, who had been the attorney of record for Ward in the action, and on December 8 an attempt was made to obtain a revivor of the proceedings. Was the service on Fleming, who had been the attorney of record of the defendant, sufficient to secure a valid appeal? Under the statute an appeal may be perfected within six months from the time the judgment or order appealed from is rendered. (R. S. 60-3309.) It may be accomplished by a notice filed with the clerk of the trial court and personal service of notice on adverse parties or their attorneys of record. (R. S. 60-3306.) No notice was served upon the defendant, as he had died several weeks prior to that time. The only service made was upon Fleming, who accepted service of the notice, and we have the question, Did the intervention of the death of defendant deprive the attorney of record of the right to accept service of the notice, and defeat the appeal? Ordinarily the death of a client ends the general powers of his attorney, and there is a general rule that his powers terminate with the entering of judgment. It is competent for the legislature to determine whether any appeal shall be allowed and to impose such conditions and restrictions in the granting of an appeal as it may see fit. It was manifestly the purpose of the legislature to promote appeals by making the way easy and the path straight. It would be difficult to provide a more simple method than has been prescribed by the legislature in the taking of an appeal to the supreme court. As we have seen, it is done by the mere filing of a notice of the purpose of a party to appeal with the clerk of the trial court, and a notice to the adverse party or to his attorneys of record. Who are adverse parties may be easily discerned from the record, and likewise those who had acted as attorneys of record for the defeated party. The legislature might have prescribed a number of methods of taking an appeal such as by posting a notice of the purpose or the publication of notices, of which adverse parties would have been required to take notice, or it might have been done by service on the clerk of the court or some public functionary connected with it. An attorney of record is an officer of the court, and the legislature has

prescribed that notice may be served upon him. The notice is not served upon him merely as the representative of the prevailing party, but as one who was connected with the case in an official way. A notice to the clerk of the court placed on file would have been sufficient if the legislature had so declared. It has declared that it may be served on an attorney of record, and it is the opinion of the court that a service upon him is sufficient even though his client had died prior to the time of service. The attorney of record is a designated functionary upon whom notice of appeal may be served. The designation is independent of any contingency of the possible discharge of the attorney or the death of a party. He was probably designated because of his close connection with the case and of the reasonable assurance that the notice would reach the parties more directly interested. A discharge of the attorney a few hours before the taking of an appeal would expire might defeat an appeal if service could not be made upon an attorney of record. The same situation might arise because of the death of the adverse party. So the legislature provided that it might be made either upon the adverse party or an attorney of record. The conclusion is that the service made upon and accepted by an attorney of record is effective to vest this court with jurisdiction of the appeal.

There remains the question as to whether there has been a revivor of the proceeding. An attempt at revivor was made, as already shown, by service upon Fleming, the administrator. The action being one for the rescission of the sale and transfer of real property, it could and should have been revived in the names of the heirs or devisees of the deceased. (R. S. 60-3211.) After the time for appeal had expired a notice of revivor was served upon the administrator and he did not consent to a revivor. In the matter of a revivor it is essential that the statutory requirements be followed with some strictness. In *Steinbach v. Murphy,* 70 Kan. 487, 78 Pac. 823, it was said:

"All statutes prescribing time limits for the institution or completion of proceedings are necessarily arbitrary, but that relating to revivor is especially unforbearing, and parties must so order their conduct that, notwithstanding disastrous circumstances, and 'moving accidents by flood and field,' they may comply with it. Interruptions of the flow of the allotted time cannot be permitted 'from reasons based on apparent hardship 'or inconvenience, but must rest upon some practical impossibility to sue. They are limited in their character, and are to be admitted with great caution, and only in cases of strict necessity.' (19 A. & E. Encycl. of L., 2d ed., 216.)" (p. 490.)

Until it was properly revived the judgment was dormant. It was one that might have been reanimated and restored to activity and made effective, but until it was revived no action could be taken thereon. There must always be two parties to an action or legal proceeding, a plaintiff and a defendant, and when one of the contending parties dies the court is without power to proceed. We have a case here without a defendant or a party against whom process may lawfully run. Without a revivor no order or judgment this court could make would be effective. Some of the cases illustrative of the effect of death and dormancy are the following: *State v. McArthur*, 5 Kan. 280; *Green, Adm'r, v. McMurtry*, 20 Kan. 189; *Teff v. Citizens' Bank*, 36 Kan. 457, 13 Pac. 783; *Cunkle v. Interstate Rld. Co.*, 54 Kan. 194, 40 Pac. 184; *C. K. & W. Rld. Co. v. Butts*, 55 Kan. 660, 41 Pac. 948; *Banking Co. v. Ball*, 57 Kan. 812, 48 Pac. 137; *Manley v. Mayer*, 68 Kan. 377, 394, 75 Pac. 550.

Since there has been no valid revivor, and that no effective judgment may be rendered by this court, the proceeding must be dismissed. It is so ordered.

JOHNSTON, C. J. (dissenting): I am unable to concur in the first proposition decided, viz., the holding that an appeal may be taken from a judgment by the service of a notice upon the attorney of record of the defendant who had died more than six weeks before service was made upon the attorney. Very briefly stated, my dissent is based upon the ground that the only interest or connection the attorney had with the case was in his capacity as attorney for the defendant. When defendant died his relations to him and to the case terminated. Thereafter he had no client and no power to represent any party in the case. His capacity as an attorney ended with the death of the defendant. He could not act for heirs or devisees unless he was employed by them for the purpose of obtaining a revivor. His acceptance of service of a notice of appeal was of no more force than would have been the acceptance of any stranger to the case. Until there is a revivor no order in the case can be made, nor can any step be taken in the case. In the early case of *State v. McArthur*, supra, it was held that when a judgment becomes dormant any step or proceeding thereafter taken before a revivor is accomplished is void and should be set aside. The authorities cited in the prevailing opinion tend to show the service was ineffectual to the obtaining of an appeal. The statute provides that the notice of an appeal must be served upon adverse parties or *their* attorneys of

record. It is not to be served on an attorney of record as a distinct and independent functionary, but upon one who is in fact an attorney of the adverse party at the time of service. In my view Fleming was not attorney of defendant by the record or in any other legal capacity after the death of his former client. As the case stood when that service was made there was no defendant in the case, and Fleming cannot be regarded as the attorney of record of the dead defendant.