No. 30,401.

THE ARKANSAS RIVER GAS COMPANY, *Plaintiff*, v. ISADOR MOLK, *Defendant* and *Appellee;* OSAGE SYNDICATE, Incorporated, *Appellant.*

(9 P. 2d 623.)

Opinion filed April 9, 1932. ▮

*K. M. Geddes,* of El Dorado, for the appellant.

*J. B. McKay,* of El Dorado, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This is an appeal from a judgment overruling appellant's motion to be substituted as plaintiff in this action and sustaining appellee's motion that the action be dismissed.

To determine the propriety of the trial court's rulings, the previous record of the case must be briefly stated:

On May 8, 1924, this action was begun by the Arkansas River Gas Company to recover from Isador Molk the sum of $2,470 as the value of certain oil-well casing alleged to be the property of plaintiff which defendant Molk had converted to his own use. The cause was tried before a jury, which rendered a verdict for defendant on December 13, 1925. Plaintiff filed a timely motion for a new trial on December 16, 1925. That motion was not ruled on until January 7, 1929—three years and twenty-two days later. At that time the motion was overruled and judgment was entered in defendant's favor according to the verdict. During this long interval, while the motion for a new trial was reposing undisposed of, the charter of the plaintiff corporation was forfeited on December 30, 1926, for noncompliance with its statutory duty under R. S. 17-706 to file its annual report for the year 1925.

On February 2, 1929, an appeal to this court was taken in behalf of the defunct corporation, and in due time that appeal was heard and decided by this court, in an opinion rendered on March 8, 1930, reversing the decision of the trial court and remanding the cause for a limited retrial to determine the value of the casing and instructing the trial court to give judgment for plaintiff for the amount so to be determined.

During the pendency of that appeal no question was raised as to the dissolution of the plaintiff corporation. After the cause had been remanded to the district court, however, on January 16, 1931,

defendant filed a motion to dismiss because of the forfeiture of the plaintiff's corporate charter in December, 1926, and because no steps had been taken to revive the action in the name of its liquidating trustees (R. S. 17-808). On the same day the present appellant, the Osage Syndicate, Incorporated, filed a motion to be substituted as plaintiff in lieu of the defunct corporation, on these grounds:

"That heretofore and during the pendency of this action and on the 14th day of March, 1927, Osage Syndicate, Incorporated, a corporation, for a valuable consideration by it duly paid, became the owner of all of the property theretofore owned by the plaintiff in this action located in Butler county, Kansas, including the cause of action of the plaintiff in the foregoing action against the defendant, Isadore Molk, and ever since said date and is now the owner of such cause of action, together with all rights therein and incident thereto."

This motion was supported by an affidavit verifying the facts on which substitution of parties was sought.

From the trial court's rulings denying substitution of parties and dismissing the action, the Osage Syndicate, Incorporated, assigns error. It directs our attention to R. S. 60-415, which provides that an action does not abate by the death or other disability of a party litigant, or by the transfer of an interest in the subject matter of the litigation, during the pendency of the action, if the action can be one which survives or continues. In any such case the action may be continued by the representative of the deceased or disabled party or by his successor in interest. This section also provides that the action may be continued in the name of the original party, or substitution of his successor in interest may be permitted. All this is very simple, proper and practical, but it is not all the pertinent law on the question we have to consider. When a litigant dies, any action in which he was a necessary party becomes dormant until there is a revivor in the name of a substituted litigant who has authority to carry on the dead man's part of the litigation. We are not presently concerned with the situation which arises when there are other parties whose rights or liabilities are in issue which can be adjudicated notwithstanding the death of a coplaintiff or codefendant. The pertinent provisions of the code which govern the legal question of present concern are R. S. 60-3207, which provides that where a party to an action dies and the action is one which survives in favor of or against his representatives or successors, it may be revived in their names; R. S. 60-3208, which provides that revivor

shall be by order of the court or judge; R. S. 60-3212, which provides that upon the death of a plaintiff the action may be revived in the name of his representatives to whom his right has passed, and if it passed to his heirs or devisees revivor may be in their names; and R. S. 60-3215, which reads:

"An order to revive an action in the names of the representatives or successors of a plaintiff may be made forthwith, but shall not be made without the consent of the defendant after the expiration of one year from the time the order might have been first made; but where the defendant shall also have died, or his powers have ceased in the meantime, the order of revivor on both sides may be made in the period limited in the last section."

It is needless to cite or quote further from other relevant provisions of the code. When the charter of the Arkansas River Gas Company was forfeited the action was technically suspended. The *ex officio* trustees of the corporation had statutory power to continue the action, and they should have been substituted as plaintiff. If that had been done the action would have remained alive; and at the convenience of the appellant, Osage Syndicate, Incorporated, it might have continued to prosecute the action in the names of the *ex officio* trustees (R. S. 60-415) or could have been substituted for them at its option. But nothing was done; the *ex officio* trustees were not substituted for the defunct corporation; no application for revivor was made within the statutory time of one year; and without the consent of the adverse party revivor after one year could not be made (R. S. 60-3215). Appellant stresses the fact that in 1927 it acquired the rights of the defunct corporation in the cause of action against defendant. Quite so, but it did not timely conform to the procedure whereby it might maintain those rights in this litigation. It waited altogether too long before it sought to establish in court its right to prosecute the action. The fact that the cause had once been in this court for review and had been sent back for a limited retrial contributes nothing to resuscitate the action. In an appeal this court considers errors arising on the face of the record which the litigants choose to present for our review. Nothing more. In *Revere v. Revere*, 133 Kan. 300, 299 Pac. 969, it was held that where the judgment of the district court was inherently void, and where that judgment was affirmed on appeal by the supreme court (on such questions as the litigants chose to present, and where the matters rendering the trial court's judgment a nullity were wholly ignored), the affirmance of the void judgment imparted no

life to it. In *Hinkle v. Ward*, 133 Kan. 516, 1 P. 2d 83, there had been a judgment in favor of defendant below, and prior to the appeal the defendant died. The cause was brought to this court without a proper revivor of the judgment, and the appeal had to be dismissed. The court said:

"Without a revivor no order or judgment this court could make would be effective. Some of the cases illustrative of the effect of death and dormancy are the following: *State v. McArthur*, 5 Kan. 280; *Green, Adm'r, v. McMurty*, 20 Kan. 189; *Teff v. Citizens' Bank*, 36 Kan. 457, 13 Pac. 783; *Cunkle v. Interstate Rld. Co.*, 54 Kan. 194, 40 Pac. 184; *C. K. & W. Rld. Co. v. Butts*, 55 Kan. 660, 41 Pac. 948; *Banking Co. v. Ball*, 57 Kan. 812, 48 Pac. 137; *Manley v. Mayer*, 68 Kan. 377, 394, 75 Pac. 550." (p. 520.)

When this case was here before, *Arkansas River Gas Co. v. Molk*, 130 Kan. 30, 285 Pac. 561, the dissolution of the plaintiff corporation did not appear in the record and no mention was made of that fact until after our opinion and decision had been announced. Then a motion for a rehearing was presented by defendant calling attention to the dissolution of the corporation. In that motion it was suggested that perhaps it ought to be labeled a motion to dismiss the appeal. Counsel for plaintiff (the defunct corporation) filed a reply to the motion, making the point that the question of the capacity of a corporation to sue after dissolution must be raised in the trial court by some appropriate plea, and *Threshing Machine Co. v. Francisco*, 106 Kan. 704, 707, 189 Pac. 981, was cited. In that case it was said:

"It seems that the trial was conducted and the evidence introduced without any reference to the incorporation of the plaintiff. Where a verified answer does not directly and specifically put in issue the incorporation of the plaintiff, and no evidence is introduced on that question, and the attention of the court is not specifically challenged to the absence of evidence thereon, and the incorporation of the plaintiff does not appear to have been questioned on the trial, that question will not be considered when presented for the first time in the supreme court. (*Sleeper v. Bullen & Dustin et al.*, 6 Kan. 300; *Emery v. Bennett*, 97 Kan. 490, 155 Pac. 1075; *Clark v. Insurance Co.*, 105 Kan. 728, 731, 185 Pac. 1056.) Numerous other cases might be cited, but it is not necessary to do so."

The motion for a rehearing or for dismissal of the appeal was denied without an opinion, for the obvious reason that the fact of plaintiff's dissolution was not raised in the court below and because defendant did not raise that point in this court in time so that it could have been properly considered in connection with the questions which were presented for our review.

When the cause was remanded to the trial court, however, the motion to dismiss was not improper, and the orders sustaining that motion and denying the motion to substitute the appellant were the only rulings the court could properly make under existing law and pertinent decisions of this court. In *Cunkle v. Interstate Rld. Co.*, 54 Kan. 194, 40 Pac. 184, the analogous nature of that action and the pertinent law are clearly stated in the syllabus:

"In an action against a railroad company, judgment was given in its favor, when the plaintiff instituted a proceeding for review in the supreme court. After that time the defendant and other railroad companies were consolidated under a new name, and the defendant company ceased to exist. The consolidated company succeeded to the property, powers and privileges as well as the obligations and liabilities of the defendant company. No motion was made to substitute the successor, or to revive the proceeding in its name, until more than a year after the defendant company had become defunct, and the successor refused its consent to such revivor. *Held,* That no revivor could then be had in the name of the successor, and that the proceeding in error must be dismissed."

In the opinion this court, speaking by Mr. Justice Johnston, now our chief justice, said:

"It is conceded that the defendant company is dead, and further, that its successor is the Kansas & Colorado Pacific Railway Company. The code authorizes the revivor and continuance of an action or proceeding against the representative or successor in interest of the party that has ceased to exist, and provides how and when it may be done. (Civil code, §§ 40, 425-435.) There is no other or different method of substituting a successor of a dead party as defendant, and reviving the action in the name of such successor, than is prescribed in the last sections named, and which may be found in article 19 of the code. They provide that such a substitution or revivor may be made by the order of the court or judge, but they further provide that such an order cannot be made without the consent of the successor, unless it is done within one year from the time it could have been first made. (Civil code, § 433.) This is a positive requirement of the statute, and hence the motion of the plaintiff comes too late. More than three years elapsed after the consolidation was effected before the application to substitute was made, and the successor of the defendant appears and expressly declines to give its consent to the substitution or revivor. The proceeding in error must, therefore, be dismissed." (p. 196.)

Later instructive cases on this general subject are: *Razor Co. v. Guyman*, 110 Kan. 745, 205 Pac. 635; *Young Construction Co. v. Dunne*, 123 Kan. 176, 254 Pac. 323. In the latter case it was said:

"The authorities already cited show that the provision relating to revivor applies to defunct corporations as well as to the death of persons. The for-

feiture of the charter abated the action, and in the absence of a revivor or of grounds for the substitution asked the court had no alternative than to dismiss the action." (p. 183.)

The judgment is affirmed.