MACKLIND INVESTMENT COMPANY, a Corporation, Appellant, v. NEWELL S. FERRY.—108 S. W. (2d) 21.

Division One, July 30, 1937.

*Dunbar & Dubail* and *Bryan Wilson* for appellant.

*Seneca C. Taylor* for respondent.

BRADLEY, C.—Action to enjoin the sale of real estate under a special execution issued in an equitable mechanics' lien suit which involved five deeds of trust securing notes held by plaintiff. The lien suit also involved other deeds of trust not concerned here. On motion by defendant, plaintiff's bill was dismissed and this appeal followed.

It is suggested in a motion filed here since the appeal in this cause, that the charter of plaintiff, appellant here, was forfeited by the State on January 1, 1936, under Section 4619, Revised Statutes 1929 (Mo. Stat. Ann., sec. 4619, p. 2049), and that plaintiff corporation was then dissolved. There is no denial of this suggestion. Along with the suggestion is a motion that the statutory trustees (in case of dissolution) of appellant corporation (under Sec. 4622, R. S. 1929) be substituted here as appellants, and their written entry of appearance was filed. The motion and entry of appearance were taken with the case when argued and submitted. It is sufficient to say that the motion is sustained, and that the statutory trustees as set out therein are substituted as appellants in lieu of the dissolved corporation. However, we do not deem it necessary to change the style of the case.

The following appears from plaintiff's petition and the judgment in the mechanics' lien case, which judgment was introduced at the hearing on the motion to dismiss. The present case has its background in the mechanics' lien case, the style of which was A. Louden Brick Contracting Company v. Union Realty & Construction Company et al., which was an equitable mechanics' lien suit under Sections 3180 et seq., Revised Statutes 1929 (Mo. Stat. Ann., secs. 3180 et seq., p. 5008). In the mechanics' lien suit the Circuit Court of St. Louis adopted the report and recommendations of a referee and allowed claims aggregating $38,167.30, based on several mechanics' lien claims in addition to the claim of A. Louden Brick Contracting Company, and made the judgment a special lien on lots 6 to 12 inclusive, block 2, Motor Heights, city block 5732, and appointed defendant Ferry in the present cause as special commissioner to sell

said property to satisfy the liens. One of the defendants in the Louden case appealed from the judgment in that case in favor of the lien claimants, and against the deeds of trust holders, as to priority, but that appeal was not perfected and was dismissed. The Union Realty & Construction Company owned the real estate mentioned and entered into the various contracts for the material and labor that went into the improvements thereon, upon which material and labor furnished, the various lien claims are based. The total principal of the notes held by plaintiff and secured by the five deeds of trust, is $25,500.

Plaintiff was served in the Louden case by publication, and was designated as one of the unknown holders of notes secured by deeds of trust on the property concerned. The judgment in that case was entered November 21, 1933, and it is alleged in the present case that "on the 1st day of January, 1931, the charter of the Union Realty & Construction Company (the contractor in the various mechanics" lien claims and owner of the lots) was forfeited by the State of Missouri under which State it was incorporated, and that on such date its corporate existence and rights were forfeited and canceled and the corporation dissolved," and "that the proper representatives of said Union Realty & Construction Company were not substituted before the judgment or order of sale in said cause, and that said judgment against said Union Realty & Construction Company was null and void and of no force and effect," and that there is "no judgment on which special execution can be had enforcing said mechanics' liens and that a sale or sales under said judgment by the defendant herein would be null and void and a cloud upon the interest of this plaintiff."

The sale by defendant, special commissioner in the Louden mechanics' lien case, was set for August 9, 1934, and plaintiff filed his petition to enjoin on August 6, 1934, and service was had on defendant August 8th. No temporary restraining order was issued and the sale took place, as advertised, on August 9, 1934. October 9, 1934, defendant filed motion to dismiss plaintiff's petition for injunction, and a hearing was had on the motion on October 12th. The motion was sustained November 19, 1934, and plaintiff's petition was dismissed.

(2) Plaintiff's petition to enjoin the sale is on the theory that the judgment in the Louden mechanics' lien case is void, that is, stands admitted by the pleadings to be void. As appears above plaintiff alleged that the Union Realty & Construction Company, a corporation, was dissolved January 1, 1931, and the judgment in the Louden case was not rendered until November 21, 1933. The grounds (somewhat condensed) for dismissal set out in the motion are: (1) That plaintiff should have sought relief in some appropriate proceeding in the Louden case; (2) that the petition does not state a cause of action

against defendant; (3) that the petition does not ask for any relief that can be granted at this time (when motion was filed), the sale then being a thing of the past.

It is not disclosed in the judgment dismissing plaintiff's petition upon what ground it is based. The judgment merely recites that the motion was sustained and the petition dismissed. The second ground of the motion, as we have stated the grounds, is a general demurrer, and under the well known rule as to admissions by demurrer, it stands admitted that the Union Realty & Construction Company was dissolved as a corporation at the time of the rendition of the judgment in the Louden case. In other words, that company was not in *existence* (as admitted by the pleadings) at the time of the rendition of the judgment.

■ A mechanics' lien suit is *inter partes* and not *in rem*, Russell v. Grant, 122 Mo. 161, 26 S. W. 958; Clark v. Brown, 25 Mo. 559, 1. c. 564, and a mechanic's lien cannot be established, ''except as an incident to a personal judgment against some one with whom the contract for the work or material was made, and who himself is either the owner, or standing with the owner or some contractor under him, in a contract relation, and then only when the work or material actually entered into the construction of the building or improvement.'' [Steinkamper v. McManus et al., 26 Mo. App. 51; Wibbing v. Powers, 25 Mo. 599; Russell v. Grant, 122 Mo. 161, 1. c. 179, 26 S. W. '958; Reese v. Cibulka et al. (Mo. App.), 68 S. W. (2d) '902.]

■ Plaintiff's premise is that the corporate entity of the Union Realty & Construction Company having been dissolved when the judgment in the Louden case was rendered, there could be no valid account established against that company and no valid judgment rendered upon which to base a mechanic's lien. It is true that no valid judgment can be rendered against a corporation as such after it is dissolved and has ceased to exist. [Cole et al. v. Parker-Washington Co., 276 Mo. 220, 207 S. W. 749; 9 Fletcher's Cyc. Corp., sec. 4240, p. 38.] ■ Ordinarily injunction will lie to restrain a sale under execution against one having no interest in the real estate seized. [Sec. 1519, R. S. 1929, Mo. Stat. Ann., sec. 1519, p. 1672; Rookery Realty, Loan, Inv. & Bldg. Co. v. Johnson, 294 Mo. 461, 243 S. W. 123, 1. c. 130; Jefferson City Bridge & Transit Co. v. Blaser, 318 Mo. 373, 300 S. W. 778, 1. c. 781.] However, it must be kept in mind that the Louden mechanics' lien case was an equitable mechanics' lien case under the statute, Sections 3180 et seq., Revised Statutes 1929, referred to, supra, and that plaintiff, in the present case, was a *party* defendant in the Louden case, being designated, as stated, as one of the unknown holders of notes secured by the deeds of trust particularly described in the mechanics' lien case. When plaintiff filed its petition in the present case, three days before the sale sought to be enjoined, the judgment in the lien suit was not

final, but was awaiting the report of sale by the special commissioner. Although plaintiff in the present case was served in the Louden case by publication, yet it (through its officers) knew, at least three days before the date of sale, enough as to the corporate existence of the Union Realty & Construction Company to allege the nonexistence of that company, and knew, of course, that the judgment in the lien case was not final. Section 3182, Revised Statutes 1929, among other things, provides that "after the institution of such equitable action no separate suit shall be brought upon any mechanics' lien or *claim* against said property or any of it, but the rights of *all persons* shall be adjusted, adjudicated and enforced in such equitable suit." (Italics ours.)

The equitable mechanics' lien statute clearly requires that all claims against the real estate involved be determined in the *one* suit. Section 3181, Revised Statutes 1929, provides, among other things, that "if any party to said action shall die or cease to exist during the pendency of said action before the judgment or order of sale therein of said property, then the proper representatives, either administrator or other proper successor in right, shall be substituted by order of the court upon motion and notice of motion without formal revivor of said action." According to plaintiff's petition, and admitted by the motion to dismiss, the Union Realty & Construction Company *died* "before the judgment or order of sale" in the Louden mechanic's lien case, and had plaintiff in the present case appeared in the Louden case at the time of filing petition in the present case, and suggested the dissolution of the Union Realty & Construction Company, then the proper successor (see Sec. 4622, R. S. 1929) would have been substituted. However, such procedure might have been without benefit to plaintiff.

It is asserted in defendant's brief that "at the time the judgment was rendered in the equitable mechanic's lien case, the defendant owner and contractor, Union Realty & Construction Company, was a corporation in good standing in the State of Missouri," but there is nothing in the record to support such assertion. Whatever the *facts* may be as to the *existence* of the Union Realty & Construction Company, the equitable mechanics' lien statute made it mandatory that plaintiff seek redress in the mechanics' lien case for whatever wrong that might be done to it by the sale sought to be enjoined. Injunction "is the strong arm of the court, and to render its operation benign and useful, it must be exercised with great discretion, and when necessity requires it." [Johnson v. United Rys. Co., 227 Mo. 423, l. c. 450, 127 S. W. 63.] There was certainly no *necessity* for invoking the strong arm of the court in the present case.

It is suggested that since no temporary restraining order was issued and that the sale was had before the present injunction suit came on for hearing on the motion to dismiss, that the court should not

have entertained the cause, and this, on the theory that there was nothing then to enjoin. It is not necessary to go into such question.

The judgment dismissing the petition should be affirmed and it is so ordered. *Ferguson* and *Hyde, CC.,* concur.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur, except, *Douglas, J.,* not voting because not a member of the court when cause was submitted.