JAMES BRUUN, Appellant, v. KATZ DRUG COMPANY, INCORPORATED.— No. 38300.—173 S. W. (2d) 906.

Division Two, June 7, 1943.

Rehearing Denied, September 7, 1943.

732

*George Hornecker* for appellant.

*Paul R. Stinson* for respondent; *Ryland, Stinson, Mag & Thomson* of counsel.

733

■ BARRETT, C.—On March 30, 1929 James Bruun instituted this action to recover the sum of $8.96, which he claimed was the contracted balance due him as wages when he was discharged by his employer, Katz Drug Company, Incorporated, (a Missouri corporation), and his agreed salary of $120.00 per month until the balance of wages due was paid as a continuing penalty. Mo. R. S. A., Sec. 5082. At the time the suit was instituted, within sixty days of Bruun's discharge, the amount claimed was $230.00. By the time the case was appealed to this court the claimed continuing penalty exceeded $18,000.00.

The succession of events culminating in the problems presented by this appeal follow. On May 15, 1929 Katz Drug Company, the Missouri corporation, filed an answer which was in effect a general denial. The case was assigned to one of the divisions of the Circuit Court of Jackson County and on April 21, 1936, by leave of court, Ringolsky, Friedman, Boatright & Jacobs, the firm of lawyers who filed the answer, withdrew as attorneys for the defendant. On May 4, 1936 Ryland, Stinson, Mag & Thomson and J. G. Vineyard entered their appearance as counsel for the defendant and on May 25, 1936 notified Bruun and his counsel that on that day they had filed a suggestion of the dissolution of the defendant corporation. The suggestion stated that the corporation had been dissolved and the "attorneys for Katz Drug Company, Incorporated, . . . suggests to the court that the President and Board of Directors of the said corporation at the time of its dissolution were the following named persons: M. H. Katz, President, Rose Katz, Isaac Katz and Minnie Katz." Afterwards the case was assigned to other divisions of the court and on February 16,

1937 returned to the general docket. On January 5, 1942 the plaintiff filed and the court sustained his motion to list the cause for trial. On February 7, 1942 the defendant **[908]** filed its ''motion to dismiss'' the plaintiff's cause ''with prejudice.'' The motion recited that while the cause was pending the Katz Drug Company, a Missouri corporation, was dissolved and ceased to be a corporation and that suggestion of the fact of dissolution and the names of the last board of directors had been filed. The motion then recited that since the filing of the suggestion of dissolution the plaintiff had taken no steps or action to revive the cause against the president and board of directors of the corporation as provided by Mo. R. S. A., Secs. 1043 to 1046; that more than three terms of court had passed since the filing of the suggestion of dissolution and, therefore, the cause of action against Katz Drug Company was forever barred by Mo. R. S. A., Sec. 1047 and should be dismissed.

Upon the hearing of the motion to dismiss the evidence showed that Katz Drug Company was duly incorporated in Missouri on March 30, 1926 and that in June, 1929 its corporate name was changed to Famous Drug Company. On the 1st day of January, 1930, its corporate charter was forfeited by the Secretary of State for failure to comply with the corporation laws of the state relating to registration, filing of annual statements, anti-trust affidavits, etc. (Art. 1, Chapter 33, R. S. Mo. 1939.) In addition, the evidence showed that in August, 1930 a new corporation, Katz Drug Company, was incorporated under the laws of Delaware and that all of the assets of the Famous Drug Company were purchased by the Delaware corporation. The plaintiff, Brunn, offered no evidence except to show that his deposition had been taken on September 26, 1936 by Mr. Stinson, representing the named defendant.

The trial court made an order finally dismissing the plaintiff's cause with prejudice. In the order the court found that while the cause was pending the defendant's corporate charter had been forfeited by the Secretary of State of Missouri and that it was dissolved and ceased to be a corporation; that since that time it had not functioned as a corporation and the forfeiture of its charter had not been vacated or set aside. The court found the filing of the suggestion of dissolution and the names of the last board of directors of the corporation. The order then recites that ''notwithstanding the filing of notice and suggestion of dissolution the plaintiff has never taken any steps or action whatever to revive this cause against the officers or directors of the defendant company, as provided by the statutes of the State of Missouri; and more than three terms of court have passed since the filing of said notice and suggestion of dissolution. Wherefore, . . . . the plaintiff's cause, . . . has been and is forever barred and abated by the statutes of this State and particularly by the provisions of Section 1047, Revised Statutes of Missouri, 1939.''

The plaintiff contends that Sections 1042 to 1047 do not apply to corporations and that it was the defendant's duty to bring in the individuals constituting the last board of directors as parties. The plaintiff also contends that a judgment against a dissolved corporation is not void and therefore argues, inferentially, that he may prosecute his action to judgment despite the corporation's dissolution and without making others parties to the suit.

The defendant contends, on the other hand, that a judgment against a dissolved corporation is void and, therefore, upon receipt of the notice and suggestion of dissolution the plaintiff was bound to have brought in the defendant's officers and directors as defendants and failing to do so within three terms must suffer the penalty of having his cause dismissed under the provisions of Sections 1042 to 1047, R. S. Mo. 1939. The defendant argues that unless the abatement and revival statutes (1042-1047) apply to dissolved corporations there is no machinery or procedure by which an action may be continued against the officers and directors of a dissolved corporation. The defendant insists that of necessity Sections 1042 to 1047 are applicable because they say: "No action shall abate by the *death, marriage* or other *disability* of a *party*, if the cause of action survive or continue"; that on or before the third term the cause may be continued against the *"representative* or *successor of such party in interest."* The argument is that the underscored words when construed with Section 3670 (providing against the abatement of instituted tort actions) demonstrate that "disability," "party," "successors," etc., include corporations and dissolved corporations.

We find ourselves unable to agree with either the plaintiff or the defendant and think the defendant's motion not well taken. Without question the so-called general abatement and revival statutes apply [909] to actions between individuals and the problems peculiarly arising by reason of an individual's death or other disability during litigation. That they have always been construed as applicable to individuals suffering an incapacitating disability or death goes without saying. Bostick v. McIntosh, 278 Mo. 395, 213 S. W. 456; Cole v. Parker-Washington Company, 276 Mo. 220, 207 S. W. 749; Rutherford v. Williams' Legal Representatives, 62 Mo. 252. The purpose and object of the statutes was to abolish the common law rule which abated all tort actions upon a party's death, and other actions as well under certain circumstances. 1 Am. Jur., Secs. 83, 87-91; State ex rel. Ake v. Kansas City, 221 Mo. App. 784, 288 S. W. 85; Bank of Skidmore v. Bartram (Mo. App.), 142 S. W. (2d) 657; Cole v. Parker-Washington Co., supra. While there may be some analogy between the death of a human being and the dissolution of a corporation, (there is also a vast difference in the two, Petrogradsky M. K. Bank v. National City Bank, 253 N. Y. 23, 170 N. E. 479), we do not think the analogy compels the interpretation that these statutes are

applicable to a dissolved corporation. However, compare Arkansas River Gas Co. v. Molk, 135 Kan. 152, 9 Pac. (2d) 623.

■ "The term, 'dissolution,' as applied to a corporation, signifies the extinguishment of its franchise to be a corporation and the termination of its corporate existence. It has been described as that condition of law and fact which ends the capacity of the body corporate to act as such and necessitates a liquidation and extinguishment of all legal relations existing in respect of the corporate enterprise." 16 Fletcher, Cyclopedia of Corporations, Sec. 7966; 8 Thompson, Corporations, Sec. 6505. And, the forfeiture of a corporation's charter by the Secretary of State for failure to comply with the laws of Missouri effects a "dissolution" of the corporation just as the extinction of its charter for any other cause effects a "dissolution." Watkins v. Mayer (Mo. App.), 103 S. W. (2d) 566; Watkins v. Mayer, 103 S. W. (2d) 569; Meramec Spring Park Co. v. Gibson, 268 Mo. 394, 188 S. W. 179; State of Missouri v. A. B. Collins & Co., 34 Fed. Supp. 550; Arnold v. Streck, 108 Fed. (2d) 387; Estel v. Midgard Inv. Co. (Mo. App.), 46 S. W. (2d) 193; Collins v. Martin (Mo.), 248 S. W. 941. Compare: Wolcott Mfg. Co. v. Cady & Olmstead Jewelry Co. (Mo. App.), 72 S. W. (2d) 845 and Yerxa, Andrews & Thurston v. Viviano (Mo.), 44 S. W. (2d) 98, though Judge Otis properly pointed out (34 Fed. Supp. 550) that the Yerxa case is distinguishable. "Apart from statutes extending the existence of, or conferring powers upon, corporations for the purpose of winding up their affairs, the dissolution of a corporation implies the termination of its existence and its utter extinction and obliteration as an entity or body in favor of which obligations exist or accrue or upon which liabilities may be imposed." 13 Am. Jur., Sec. 1342, p. 1191; 19 C. J. S., Sec. 1727. As a consequence at common law the property of a dissolved corporation escheated to the Crown and all debts due to or from the corporation were extinguished and that was the view in this country until the evolution of the "trust fund doctrine." Annotation 47 A. L. R. 1288, pp. 1346-1361. But even so it has always been the general rule that "all pending suits and actions by and against a corporation are abated by a dissolution of the corporation, irrespective of the mode of dissolution." 16 Fletcher, Cyclopedia of Corporations, Sec. 8147; 1 Am. Jur., Sec. 52; Annotation 32 L. R. A. (N. S.) 446. Obviously, in view of these principles and unless there is a statute to the contrary, a judgment cannot be rendered against a dissolved corporation; such a judgment is void. Meramec Spring Park Co. v. Gibson, supra; Macklind Inv. Co. v. Ferry, 341 Mo. 493, 108 S. W. (2d) 21; Annotation 47 A. L. R. 1288, 1387; 13 Am. Jur., Sec. 1356; 19 C. J. S., Sec. 1735.

■ To obviate the harshness and effect of the common law rule practically all the states have enacted statutes which either permit dissolved corporations to perform certain functions, prolong the power to sue and be sued, save the remedy against defunct corporations or

provide that the officers and directors shall be trustees of the dissolved corporations for certain purposes. 13 Am. Jur., Secs. 1357-1369; 19 C. J. S., Sec. 1728. The statutory policies of the various states and the rules with respect to the powers of corporations after the forfeiture or expiration of their charters is the subject of complete annotation in 47 A. L. R. 1288 and 97 A. L. R. 477. Missouri is one of twenty-four states adopting the view that the directors and president or managers of a dissolved corporation become trustees of the corporation [910] for the purposes specified by the legislature. Annotation 47 A. L. R. 1288, 1462-1466.

These statutes (Secs. 5036 and 5094) in so far as they are applicable here are as follows:

"Upon the dissolution of any corporation . . . *the president and directors or managers of the affairs of said corporation* at the time of its dissolution, . . . *shall be trustees of such corporation,* with full powers to settle the affairs, collect the outstanding debts and divide the moneys and other property among the stockholders, after paying the debts due and owing by such corporation at the time of its dissolution, . . . *to sue for* and recover such debts and property *by the name of the trustees of such corporation,* describing it by its corporate name, *and may be sued by the same;* and such trustees shall be jointly and severally responsible to the *creditors* and stockholders of such corporation to the extent of its property and effects that shall have come into their hands." (Mo. R. S. A., Sec. 5036.)

"When the forfeiture of the certificate, or license, of any corporation has been declared, *the officers and directors or the manager, or managers,* of the affairs of said corporation, at the time such forfeiture is declared, by whatever name they may be known in law, *shall be trustees of such corporation with full power to settle* its affairs . . . *and as such trustees to sue* and recover debts and property due such corporation, *and they shall be jointly and severally responsible to the creditors* and stockholders of such corporations . . ." (Mo. R. S. A., Sec. 5094.)

These statutes were designed for the purpose of providing the machinery by which actions may be continued against dissolved corporations. Such statutes prevent the abatement of actions by reason of the corporation's dissolution and govern the situation presented by this case. 16 Fletcher, Cyclopedia of Corporations, Sec. 8148; 13 Am. Jur., Sec. 1357; Marstaller v. Mills et al., 143 N. Y. 398, 38 N. E. 370; Nudelman v. Thimbles, Inc., et al., 225 Mo. App. 553, 40 S. W. (2d) 475. However, just as the statutes provide, the named officers are and become trustees of and for the corporation upon its dissolution and as such are its legal representatives. Watkins v. Mayer, supra; Arnold v. Streck, supra; Yerxa, Andrews & Thurston v. Viviano, supra. As its legal representatives and trustees they have been substituted for the corporation as parties defendant, upon motion by

738

the plaintiff, while the cause was pending in the trial court and as appellants, at their own instigation, in this court. Nudelman v. Thimbles, Inc., et al., supra; Macklind Inv. Co. v. Ferry, supra; annotation 135 A. L. R. 325, 347.

It must necessarily follow from the effect and consequence of dissolution on the corporation itself that "the statutory trustees provided for under section 4622, supra, (5036 and 5094) were proper and necessary parties" defendant. Watkins v. Mayer, 103 S. W. (2d), l. c. 572. "It is not necessary now to decide whether the bar of the statute had run upon a proceeding to revive this action in the name of the parties who, the statute says, may further prosecute it. It is sufficient to say that after the dissolution of the corporation such substitution, under authority of such statute and in pursuance of its terms, must be had in order that the action may proceed. It could no longer be maintained in the name of the dissolved corporation." Hecht Bros. Clothing Co. v. Walker et al., 224 Mo. App. 1156, 1165-1166, 35 S. W. (2d) 372, 376; MacRae v. Piano Co., 69 Kan. 457, 77 Pac. 94.

As we have indicated, the party desiring the trustees' presence may take whatever steps he deems proper to secure their presence as defendants. Nudelman v. Thimbles, Inc., supra; Macklind Inv. Co. v. Ferry, supra; Hecht Bros. Clo. Co. v. Walker et al., supra; Mo. R. S. A., Secs. 971 and 972. But, their absence as proper defendants not appearing from the face of the plaintiff's petition and Sections 1042 to 1047 not being applicable, the matter may not be taken advantage of by motion to dismiss or demurrer. Watkins v. Mayer, supra; 47 C. J., Secs. 390-405; 1 C. J., Sec. 203; Mo. R. S. A., Sec. 922.

The judgment is reversed and the cause remanded. *Westhues* and *Bohling, CC.*, concur.

PER CURIAM:—The foregoing opinion by BARRETT, C., is adopted as the opinion of the court. All the judges concur.