**FRANK DUSSELIER BASEMENT BUILD-
ERS, INC., Plaintiff-Appellant,**

v.

**GWICO BUILDERS, INC., et al.,
Defendants-Respondents.**

No. 25237.

Kansas City Court of Appeals,
Missouri.

Dec. 1, 1969.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 2, 1970.

Application to Transfer Denied
March 9, 1970.

William D. Cosgrove, Kansas City, for
plaintiff-appellant.

Robert L. Murphy, Kansas City, for de-
fendant-respondent, The Kansas City Mort-
gage Co.

MAUGHMER, Commissioner.

This is a suit by the plaintiff Frank
Dusselier Basement Builders, Inc. against

Gwico Builders, Inc. and others, to recover for materials furnished to Gwico for use in the construction of part of a two-story residence in Clay County, Missouri. The action also sought to enforce a materialmen's or mechanic's lien against the property. One of the named defendants, Kansas City Mortgage Company, was the holder of a deed of trust on the property securing payment of a promissory note of $18,700.00. This defendant filed a motion to dismiss plaintiff's amended petition on the ground that the action was barred by the statute of limitations (Section 429.170, V.A.M.S.). The trial court sustained the motion and dismissed the amended petition with prejudice. Plaintiff has appealed.

Plaintiff's original petition and its amended petition both allege and the uncontroverted facts are: Pursuant to contract the plaintiff delivered to Gwico from April 24, 1967 to May 10, 1967, concrete for the walls and footings of the building, which were of the agreed and reasonable price of $1159.15, which account is unpaid. On August 4, 1967, plaintiff filed its notice of lien in the Circuit Court of Clay County, Missouri and on February 1, 1968, filed its petition naming Gwico Brothers, Inc., and others, including the Kansas City Mortgage Company, as defendants. Summons was promptly issued on February 1, 1968, for Gwico Corporation and delivered to the sheriff of Jackson County, Missouri. It was in due course returned "non est" as to Gwico.

On December 29, 1967, the plaintiff by letter had inquired of the Secretary of State of Missouri if Gwico Builders, Inc. was in good standing and requested the name and address of its registered agent. On January 8, 1968, that office advised plaintiff that Gerald W. Ingram was the registered agent of Gwico, and his listed address was Room 708, 916 Walnut Street Building, Kansas City, Missouri. In a letter dated January 15, 1968, the Secretary of State advised plaintiff that his office had no other address for Gerald W. Ingram, that Gwico had failed to file its annual report for 1967 and had therefore forfeited its charter as of January 1, 1968, and that the stated name of the registered agent and the given address were the "only names filed in the Articles of Incorporation."

On December 20, 1968, the plaintiff with leave of court filed its amended petition and therein, among other things, alleged that: (1) Gwico had forfeited its charter as of January 1, 1968; (2) one Gerald W. Ingram (named as a defendant for the first time) was the sole incorporator of Gwico, had acted in its behalf in entering into the contract for material for the plaintiff, "had absconded or absented himself from his usual place of abode", his "whereabouts were unknown", and requested that service by publication be issued. An order of publication of notice to "Gerald W. Ingram and * * * unknown officers and directors of Gwico Builders, Inc.," was entered by the clerk on the same date and notice was duly published in the Kearney Courier, a newspaper regularly published in Clay County, Missouri. There was received in evidence an affidavit dated December 3, 1968, by one James A. Spellman, Jr., stating that the said Gerald W. Ingram, president of Gwico, was a tenant in the building at 916 Walnut Street, Kansas City, Missouri, and that said tenancy ended in June, 1967, with the tenant being in default as to rent and that affiant was informed that "Ingram was then in a hospital in the state of Louisiana."

It is conceded that plaintiff's lien was timely filed on August 4, 1967. That plaintiff's suit (first petition) which was filed on February 1, 1968, was instituted within six months thereafter as required by Section 429.170, supra, is not disputed. Certainly Gwico Company, the original contracting party and owner of the real estate at the time, was and is a necessary and a required defendant in plaintiff's lien action. The statute (Section 429.170, supra) requires (1) that the action "shall be commenced within six months after filing the lien" and (2) "prosecuted without unnecessary delay to final judgment" and (3) "no

lien shall continue to exist by virtue of the provisions of said sections, for more than six months after the lien shall be filed, unless within that time an action shall be instituted thereon * * *."

Plaintiff's first petition was filed three days before expiration of the six months' limitation period. Gwico was a named defendant, but as to it there was a prompt non est return. Under date of January 15, 1968, plaintiff had been informed by the Secretary of State that Gwico had forfeited its charter as of January 1, 1968 and that the said Gerald W. Ingram was not only the designated registered agent for Gwico, but his was the only listed name filed in the Articles of Incorporation. Plaintiff did nothing further to bring Gwico or a representative of the company into the suit as a defendant, nor did it procure issuance of an alias summons or secure service by publication until December 20, 1968 when it filed its amended petition and then did get service by publication on Ingram and the "unknown officers and directors of Gwico". This was more than ten months after the filing of the first petition. It was more than ten months after plaintiff had advised the Secretary of State that Ingram could not be located at the address of the registered agent and more than ten months after plaintiff had been advised that Ingram was the only name listed and filed in the Articles of Incorporation.

The plaintiff on appeal says it commenced this action within six months, that same was "prosecuted without unnecessary delay" and therefore the court erred in dismissing the cause with prejudice. Plaintiff says secondarily, that under Section 351.-565, V.A.M.S., it had two years after January 1, 1968, the date on which Gwico forfeited its charter, to join its directors or representatives as defendants.

We shall consider the second contention first. Section 351.565, V.A.M.S. is found in the statutory chapter on corporations. It provides that after dissolution of a corporation by the Secretary of State or by decree of a court of equity, "suit or other proceeding thereon" may be brought within two years after filing of the articles of dissolution or within two years after expiration of the period of the corporation's existence. Plaintiff says that statute extends the six months statute of limitations period provided in Section 429.170, supra, on mechanics' liens to two years after a corporate dissolution. In support of this contention it cites the opinion in Drew's Hardware & Appliance Co., Inc. v. Willis Housing Projects, Inc., Mo.App., 268 S.W.2d 596, 600. There the suit was to establish a mechanic's lien. The suit was timely brought against Willis Engineering and Construction Company (No. 1), which company had passed out of existence. It had, however, been succeeded by Willis Engineering and Construction Company (No. 2). The second company was not brought in until after expiration of the time limit. However there was privity between the two companies. Each had the same name and plaintiff had no knowledge of the dissolution of the first corporation. It was held that the suit had been brought within the proper time. The opinion commented specifically as to Section 351.565, supra. This opinion and the reference to this particular statute has been specifically called to our attention by appellant. It appears therefore that we must comment on it. Therein the court said:

"Where, as here, a corporation is dissolved without notice to its creditors and claimants, suit may be instituted within two years after dissolution, upon any claim or liability incurred by it prior to dissolution. * * *"

This is the comment upon which plaintiff relies in its claim that it had two years after Gwico's dissolution on January 1, 1968 to file suit and establish its mechanic's lien, rather than six months after August 4, 1967 when the notice of lien was filed. (Sec. 429.170, supra.) Although the quoted paragraph from the opinion does not squarely state that the section is applicable to, and in effect amends the six months

statute of limitations, and although the comment was unnecessary to a determination of the case, it was made in a mechanic's lien matter and must be discussed. In this connection plaintiff cites Wolcott Mfg. Co. v. Cady & Olmstead Jewelry Co., Mo. App., 72 S.W.2d 845, which was a suit on a promissory note. It also cites Yerxa, et al., v. Viviano, Mo., 44 S.W.2d 98, which was a suit on an appeal bond, and Bruun v. Katz Drug Co., Inc., 351 Mo. 731, 173 S.W.2d 906, which was a suit for wages. None of these last three opinions are applicable to our matter as none was a mechanic's lien case.

■ A mechanic's or materialmen's lien is not recognized at common law or allowed in equity. It must be created by a constitutional provision or by statute. 57 C.J.S. Mechanic's Liens § 1, p. 493.

" * * * The lien is lost unless perfected within the time and in the manner prescribed by statute, * * *." (57 C.J.S. Mechanic's Liens § 119, p. 623)

Section 351.565, under which claimants are granted two years after corporate dissolution to file suit, does not even purport to apply to mechanic's liens, which provide a special security for materialmen and mechanics. It is not made a part of the legislative chapter on "Liens against real estate." It mentions neither liens, materialmen or laborers. The allowance of suits for two years is general and not restricted to mechanics or materialmen. The cases are almost innumerable in all jurisdictions that the statutory requirements, as to notice and commencement of suit must be complied with or the lien is lost. A suit generally is not barred until the general limitations period has expired, but the lien on the real estate and improvement is gone. We have found no opinions holding that Section 351.565, supra, modifies or extends the six months period of limitations as provided by Section 429.170. We hold that it is not applicable for that purpose and the Drew's opinion, insofar as it might be considered as holding otherwise,

is modified accordingly. In Continental Electric Company v. Ebco, Incorporated, Mo., 375 S.W.2d 134, where a factual situation comparable to those in the instant case were presented, neither counsel nor the court presented, discussed or considered such a contention.

■ Plaintiff invites our attention to the statement in Vasquez v. Village Center, Inc., Mo., 362 S.W.2d 588, 591, that the purpose of the law is to give security to mechanics and materialmen and to the observation in Dierks & Sons Lumber Company v. McSorley, Mo.App., 289 S.W.2d 164, 168, 169, that the lien statutes are to be liberally construed to carry out their remedial purposes. Of course, such is the law, but the courts in these and other cases point out that the mechanic's lien law must also be substantially complied with. Owners and buyers of properties are entitled to be promptly advised if labor and material costs have been paid. Appellant's second stated ground for reversal is denied.

■ The other point is—Did plaintiff prosecute its action without unnecessary delay and does the amended petition, for limitations purposes, relate back to the date of the original filing? In Quigley v. William M. Rideout, Mo.App., 127 S.W.2d 37, Syls. 3 and 4, when the statute required filing of a suit within 90 days, it was held that a suit brought by a subcontractor which was filed in time but did not make the original contractor a party defendant, was barred notwithstanding the original contractor was made a party after the expiration of the limited time period, and second, that an amended petition filed after the 90-day period making the members of the corporate contractor's board of directors parties, came too late and the action was barred.

In Mayne v. Jacob Michel Real Estate Co., 237 Mo.App. 952, 180 S.W.2d 809, 812, the petition was on a claim for sewer taxes that were subject to a five-year statute of limitations. Suit was filed on November 10, 1932, summons issued on No-

vember 21, 1932, and returned unexecuted on January 9, 1933. No other process issued until an alias summons was issued on July 7, 1943. It was served on July 14, 1943. The action was held to be barred. In the opinion we find this revealing statement:

"* * * The cases differ somewhat with respect to the course of reasoning adopted, but they all proceed upon the same underlying principle and arrive at the same result. They all manifest the same unwillingness to permit the period of limitation to be prolonged by the failure of the plaintiff to make diligent use of the means provided by law for obtaining jurisdiction of the defendant."

The case of Continental Electric Company v. Ebco, Inc. and Ford Motor Co., Mo., 375 S.W.2d 134, is quite similar to the case before us. In addition both were tried by the same trial judge. Ebco was first ruled on appeal by this court and finally determined by the Supreme Court. In Ebco the action was to recover for and to enforce a mechanic's lien for materials supplied by the plaintiff Continental Electric Company for construction work on a Ford Company plant in Clay County, Missouri. Ebco was a subcontractor on the project. Ebco defaulted. A jury trial resulted in a verdict for plaintiff. The trial court sustained the defendant Ford's motion for judgment and in the alternative awarded a new trial. The reason given was that the action was barred under the statute of limitations and the court therefore lacked jurisdiction. In Ebco, the plaintiff's notice of mechanic's lien was timely filed. Suit was filed on February 5, 1960. Both Ford and Ebco were named as defendants and summons to each was promptly issued on the same day. On February 10, 1960, a non est return was filed as to Ebco. Nothing further was done and no action taken by plaintiff until October 10, 1960 (eight months later) when plaintiff directed the clerk to issue an alias summons against Ebco. Such summons was issued and service made on Ebco's regis-

tered agent and return was made on October 14, 1960. The Kansas City Court of Appeals (365 S.W.2d 746) reversed the action of the trial court in entering judgment for defendant and directed reinstatement of the verdict and judgment for plaintiff, concluding that when a necessary party was joined, the statute was tolled until service was secured (at least for eight months, the period actually involved). However the case was transferred to the Supreme Court where the action of the trial court in entering judgment for the defendant was affirmed. We set forth five excerpts from the Supreme Court opinion:

"One of the grounds specified by the trial court for sustaining respondent's motion for judgment was that the trial court lacked jurisdiction of the cause of action to enforce the lien for the reason that, after the first summons had been issued against Ebco and returned unserved, appellant failed to request the issuance of an alias summons for a period in excess of six months after the original summons had been returned unserved. Respondent had raised this objection by its answer upon which the case was tried." (375 S.W.2d l. c. 136)

"As above mentioned, Section 429.170 requires that the action to enforce a lien be 'commenced' within six months after the filing of the lien statement. In our practice, an action is commenced by the filing of a petition and the issuance of summons. Civil Rule 53.01, V.A.M.R. The original summons is to be issued by the clerk forthwith upon the filing of the petition. The plaintiff is not obliged to take any further steps for such purpose. However any additional summons issues only at the request of the plaintiff. Civil Rule 54.01, V.A.M.R." (375 S.W.2d l. c. 137)

"We are of the opinion that, under these cases relied upon by respondent, appellant's unexcused neglect for a period in excess of the period of limitation to

cause process to be issued which would confer upon the court jurisdiction of an essential party is fatal to the maintenance of the action to enforce the lien. If prompt determination of the lien claim is to be achieved, and such is the obvious purpose of the short limitation period, there can be no reason to accord to the party bringing the suit a period of time for obtaining process which exceeds the time within which he is required to sue. * * *" (375 S.W.2d l. c. 138–139)

"The appellant asserts that it did not obstruct or deliberately delay the service of process on Ebco. Of course, had appellant done that, the statute of limitations would have continued to run. Hill-Behan Lumber Co. v. Sellers, supra. However, it was the obligation of the appellant to see that an alias summons issued (Mayne v. Jacob Michel Real Estate Co., supra) and there can be no question that the appellant did not diligently carry out this obligation. Appellant further states that there was no discontinuance of the action because Ford had been served and the action proceeded without delay. However, the appellant was obliged to institute its action not only against Ford but also against Ebco, and to continue the action against both. We cannot say that the failure to serve process on Ebco for a period of some eight months after the suit was instituted did not delay the eventual disposition of the cause of action. * * *" (375 S.W.2d l. c. 139)

"We, therefore, conclude that the trial court properly ordered judgment for the respondent on the grounds that the lien was barred under Section 429.170 by reason of the delay on the part of appellant in obtaining process for service upon Ebco. * * *" (375 S.W.2d l. c. 140)

In Ebco the delay was for eight months. In our case it was for ten months. In both cases there was a prompt non est return. In Ebco plaintiff waited eight months before requesting an alias summons, which upon its request was immedi-

ately issued and promptly served. In our case plaintiff waited more than ten months before procuring an order for and service by publication which was issued promptly upon its request. Plaintiff in our case knew or should have known in the latter part of January, 1968, that Ingram was the incorporator. Plaintiff also knew about this time that Ingram had left the Kansas City office and that his whereabouts were unknown. No attempt is made to justify or excuse the unexplained delay of more than ten months. All of the information which prompted plaintiff's further action in December, 1968, was at hand in February, 1968, but was not acted upon. We do not believe the trial court erred when it sustained the motion to dismiss. The judgment is affirmed.

SPERRY, C., not sitting.

PER CURIAM.

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court.

All concur.