RACKERS AND BACLESSE, INC., a corporation, Appellant,

v.

John F. KINSTLER et al., Respondents.

No. KCD26167.

Missouri Court of Appeals, Kansas City District.

June 4, 1973.

Motion for Rehearing and/or Transfer Denied July 23, 1973.

John L. Hearne, Russell T. Keyes, Keyes & Hearne, Jefferson City, for appellant.

John W. Inglish, Carson, Inglish, Monaco & Coil, Jefferson City, for respondents.

Before SWOFFORD, P. J., SHANGLER, C. J., WASSERSTROM, J., and FRED E. SCHOENLAUB, Special Judge.

FRED E. SCHOENLAUB, Special Judge.

This action was brought by appellant to establish and enforce a mechanic's lien in the sum of $13,035.94 for material used in the construction of a dwelling for John F. Kinstler and Gretta E. Kinstler. The case was tried to the court without a jury. After trial but before judgment, John F. Kinstler died. Judgment was entered in favor of appellant and against respondent Gretta E. Kinstler in the sum of $6,323.11, which was also declared to be a lien on the real estate and prior and superior to an existing mortgage. Appellant's Motion to Amend Judgment or for a New Trial was overruled, and it appeals.

On October 11, 1967, the Kinstlers entered into a contract with one Henry Gemeinhardt for the construction of a house to be built on a lot owned by J. Raymond Brummet and Freda M. Brummet, Keith W. Major and Gladys Major, and Robert J. Major and Edith Major. Gemeinhardt started construction, but in March, 1968 notified the Kinstlers that he would not complete the house. John F. Kinstler then took over as his own contractor and completed the house. On September 18, 1968, the property was conveyed to the Kinstlers by the Brummets and Majors, and a loan transaction with General American Life Insurance Company was closed. An escrow account in the sum of $14,600.24 was established to cover the mechanic's lien claim.

After Gemeinhardt abandoned the job, Kinstler contacted each of the subcontractors, inquired of them concerning the work they had done and their bills to date, and asked if they were interested in completing the job. It was agreed that they would continue and that the Kinstlers would pay them in full for their work. Kinstler also talked with Buell Baclesse, appellant's president. He was advised by Baclesse that the balance due from Gemeinhardt was $5,100.00. Kinstler testified that he told Baclesse he would pay him every pen-

ny he was legally obligated to pay. He further testified that he was satisfied that the work the subcontractors had bills for was in the house, but that "everything just didn't smell right" with appellant's bill, that he had paid out money to Gemeinhardt and thought appellant had been paid, and that other business transactions between Gemeinhardt and Baclesse had created further suspicions. In addition, Kinstler found that several items furnished to Gemeinhardt and billed to the Kinstler property were not used on the Kinstler home, but on other properties owned by Gemeinhardt.

The trial court found that the items furnished between November 6, 1967 and March 18, 1968, totaling $6,338.56, were sold to Henry Gemeinhardt as the original contractor and that he was a necessary and indispensable party to the action. The Court further held that since Gemeinhardt was not joined as a defendant, judgment for the amount due on these materials could not be entered against any of the named defendants and the real estate could not be impressed with a lien for such items. Judgment was entered in favor of appellant and against respondent Gretta E. Kinstler in the sum of $6,323.11, the amount due for the materials furnished between April 1, 1968 and July 31, 1968, and the property was charged with a lien in that amount. Gretta E. Kinstler, Administratrix of the estate of John F. Kinstler, was substituted as an additional party defendant after judgment but before this appeal.

■ Our review of this court-tried case, governed by Rule 73.01(d), V.A.M.R., is upon both the law and the evidence as in suits of an equitable nature, deferring, however, to the trial court's findings upon controverted factual matters. Madget v. Jenkins, 461 S.W.2d 768, 773 (Mo.1970); Jeff-Cole Quarries, Inc. v. Bell, 454 S.W. 2d 5, 12 (Mo.1970); Schroeder v. Prince Charles, Inc., 427 S.W.2d 414, 420 (Mo. 1968). Consideration shall be given by this court to all evidence it deems admissible, excluding from consideration evidence improperly admitted. Madget v. Jenkins, supra.

Appellant contends first that, by agreeing and assuming to pay outstanding claims for materials and labor of some subcontractors, and by knowingly availing themselves of the acts and retaining the benefits of the transactions between Gemeinhardt and appellant, the Kinstlers made and constituted Gemeinhardt their agent, and were bound and concluded by his transactions, or that by agreeing to pay the claims of the subcontractors they became from that time the principal contractor, both as to the materials already furnished and to those subsequently furnished.

■ The relation of principal and agent is created by manifestation of consent of one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act. Utlaut v. Glick Real Estate Company, 246 S.W.2d 760, 763 (Mo.1952). One cannot be an independent contractor and at the same time be an agent for the same purposes, and the very existence of a contract establishing an owner independent contractor relationship and performed by the contractor is wholly inconsistent with the existence of an agency. Jeff-Cole Quarries, Inc. v. Bell, 454 S.W.2d 5, 14 (Mo.1970).

The contract between the Kinstlers and Gemeinhardt provided that Gemeinhardt was to furnish all of the materials and perform all of the work shown on the working drawings and described in the specifications. Gemeinhardt did in fact commence performance under the contract as a general contractor by employing all the subcontractors and purchasing all the materials. Respondents' evidence further established that although the Kinstlers knew where the materials were being purchased, and on a number of occasions met with Gemeinhardt at appellant's lumberyard to pick out items for the house, the choice of subcontractors and materialmen was made

by Gemeinhardt alone. Buell Baclesse also testified that although the Kinstlers were in his store and lumberyard many times, they did not personally order any items or materials. He further testified that it was customary for the property owner to consult with the material supplier from time to time with regard to materials to be used in construction.

■ The contract clearly established an owner independent contractor relationship. There was no evidence of any actions on the part of the Kinstlers or Gemeinhardt consistent with a principal agency relationship, nor was there any evidence that Baclesse considered or treated Gemeinhardt as the agent of the Kinstlers. He looked to Gemeinhardt for payment, billing him on a monthly basis. No statements were sent to the Kinstlers. He dealt with and regarded Gemeinhardt as an independent contractor and did not rely upon any claimed agency. He cannot now reverse his position. Jeff-Cole Quarries, Inc. v. Bell, supra. The materials furnished between November 6, 1967 and March 18, 1969 were sold to Gemeinhardt as the general contractor for the Kinstlers and must be considered as having been sold under a contract separate from that under which materials were later furnished directly to the Kinstlers. As to these materials, Gemeinhardt was a necessary and indispensable party to any suit to enforce a lien against the Kinstlers. Section 429.190 RSMo 1969, V.A.M.S.; Macklind Inv. Co. v. Ferry, 341 Mo. 493, 108 S.W.2d 21, 23 (1937); Quigley v. William M. Rideout & Co., 127 S.W.2d 37, 39 (Mo. App.1939); Reis v. Taylor, 103 S.W.2d 892, 897 (Mo.App.1937).

Appellant alleges alternatively that, even though a mechanic's lien should fail as to these materials, a contract, express, implied or constructive, existed between appellant and the Kinstlers and the trial court erred in failing to find a personal judgment against Mrs. Kinstler and Mr. Kinstler's estate.

■ The law is settled in Missouri that no privity of contract exists between a property owner and a subcontractor, the contractor being the link which connects the two. Fury v. Boeckler, 6 Mo.App. 24, 25 (1878); Reis v. Taylor, supra. In Horstkotte v. Menier, 50 Mo. 158 (1872), it was further held that under the then existing statute (now substantially Section 429.-140, RSMo 1969), it was contemplated that the original contractor be made a codefendant in any action to enforce a mechanic's lien in order to protect both his rights and those of the owner of the property, and that it shall be the duty of the contractor to defend the action at his expense, and in the event a judgment is entered against the owner or his property upon the lien, and settlement has been made between the owner and contractor, the owner shall be entitled to recover back from the contractor any amount so paid for which the contractor was originally liable. The court also held: "When an owner of property contracts with a responsible party to furnish all materials and erect for him a building, under this section, he has the right to look to such contractor for protection against all liens by materialmen and subcontractors. That, to my mind, was the evident intention of the Legislature. If the original contractor was not made a party he would not be bound by the judgment; whereas if he was a party he would be estopped from disputing the amount of recovery as between himself and the owner." l. c. 160. In Hassett v. Rust, 64 Mo. 325, 329 (1876), it was also held that the owners of property in mechanic's lien actions are not debtors of the plaintiff, they are not personally liable to plaintiff for any portion of the debt, and a general judgment cannot be entered against them.

■ There was no privity of contract between appellant and the Kinstlers by reason of the mechanic's lien statute, and the trial court found no contract, express, implied or constructive, to exist between them. Appellant contends, however, that an express contract was shown by Mr. Kinstler's request that materials continue to be furnished, and by his promise to pay for all

materials if payment could be delayed until construction was completed. Although the appellant's evidence tends to support this allegation, John Kinstler denied it, testifying that he agreed to pay appellant only what he was legally obligated for. Appellant contends further that if no express contract existed, the Kinstlers' statements, coupled with their actions, gave rise to an implied contract. Again, the evidence concerning the words and actions of the Kinstlers conflicted. The trial court heard and observed the witnesses and found no contract to exist between appellant and the Kinstlers which would obligate the Kinstlers to pay for materials furnished to Gemeinhardt. We defer to those findings. Madget v. Jenkins, supra; Jeff-Cole Quarries, Inc. v. Bell, supra.

Appellant also contends that he is entitled to recover on quantum meruit under the doctrine of constructive or quasi contract. A review of the pleadings and evidence shows that the case was tried on the theory that a contract in fact existed between appellant and the Kinstlers, appellant's allegation of constructive contract not appearing until this appeal. This point must be ruled against appellant for two reasons. A contract implied in law is imposed without regard to promise or intention of the party to be bound, the assent resting solely in legal fiction, the liability based in reason and justice. Bennett v. Adams, 362 S.W.2d 277, 280 (Mo.App. 1962). It is a fictitious contract based primarily upon the principle of unjust enrichment, and it is essential that retention of the benefit by defendant be inequitable. Donovan v. Kansas City, 352 Mo. 430, 175 S.W.2d 874, 884 (en banc 1943).

The evidence established that the materials furnished to Gemeinhardt, except for a few items of little significance here, were used in construction of the Kinstler residence, that they constituted a "benefit" to the Kinstlers, and that they were never paid for. The evidence did not, however, establish "unjust enrich-ment" of the Kinstlers by reason of their retention. John Kinstler testified that on February 13, 1968, Gemeinhardt stated he was going to need some money and that he arranged to have $6,000.00 placed in an escrow account to be disbursed upon presentation of bills by Gemeinhardt. The next day, Gemeinhardt advised Kinstler that his account with appellant was over $6,000.00, whereupon Kinstler authorized a payment in that amount to Gemeinhardt. An objection to this testimony was sustained by the trial court on the ground that it constituted hearsay. The hearsay rule, however, has no application where the extra-judicial utterance is offered, not as evidence of the truth of the facts asserted therein, but to show the reasons for the witnesses' actions. Bond v. Wabash Railroad Co., 363 S.W.2d 1, 5 (Mo.1962); Missouri Cafeteria, Inc. v. McVey, 362 Mo. 583, 242 S.W.2d 549, 554 (en banc 1951); German Evangelical Bethel Church of Concordia v. Reith, 327 Mo. 1098, 39 S.W.2d 1057, 1065 (en banc 1931). Here, the testimony was not offered as evidence of the truth of Gemeinhardt's assertions, but to show the reason for Kinstler's authorization of the $6,000.00 payment to Gemeinhardt. It was admissible and is considered in this appeal. Madget v. Jenkins, supra. Having advanced Gemeinhardt money for the payment of these materials, it cannot be said that retention of them without further payment constituted unjust enrichment.

To recover on quantum meruit, there must also be proof that the charges were fair and reasonable. Adams v. Smith, 307 S.W.2d 525, 527 (Mo.App. 1937); Bybee v. Dixon, 380 S.W.2d 539, 543 (Mo.App.1964). There is no testimony in the record as to the reasonableness of the amounts charged for the materials. Such failure of proof was fatal to appellant's recovery on this theory. Bybee v. Dixon, supra.

The trial court correctly found that Henry Gemeinhardt was a necessary and indispensable party to appellant's action for the materials furnished between November

6, 1967 and March 18, 1968, and without whom judgment could not be entered against the other defendants and the real estate impressed with a lien.

The judgment must be amended in one respect. Suggestion of Death was filed by defendant Gretta E. Kinstler prior to judgment. Appellant's Motion for Substitution of Party was filed and Substitution ordered after judgment, but in time. Rule 52.13(a)(1). The judgment should have been amended to reflect the substitution. Section 429.200 RSMo 1969. We amend by adding "Gretta E. Kinstler, Administratrix of the Estate of John F. Kinstler," as a defendant against whom the judgment was entered, and as amended, we affirm.

All concur.