The **PILLSBURY COMPANY,** Plaintiff,

v.

**PIKE GRAIN COMPANY, INC.,** et al., **Defendants.**

No. 81–686C(2).

United States District Court, E. D. Missouri, E. D.

Dec. 10, 1981.

John C. Shepherd, St. Louis, Mo., for plaintiff.

John M. McIlroy, Jr., Bowling Green, Mo., David Conroy, John T. Nesser, Charles A. Kiger, New Orleans, La., for defendants.

## MEMORANDUM

NANGLE, District Judge.

This case is now before this Court on defendants' motion for summary judgment brought pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendants assert that there is no issue of material fact and therefore this action should be dismissed in their favor, with prejudice, at plaintiff's costs.

This cause of action arises out of contracts for the purchase and sale of grain executed by plaintiff and defendants on July 9, 1979 and September 19, 1979. On both of these dates plaintiff agreed to purchase grain from defendants so that the plaintiff would be able to supply a third-party buyer. In addition, plaintiff then contracted to sell defendants the same amount of grain in order to allow defendants to replenish their elevator. In each instance plaintiff paid a higher purchase price to defendants for the same amount and type of grain. In its complaint, plaintiff states that this type of contract is known customarily as a "put through contract."

Despite the delivery of the grain to defendants on July 20, 1979 and September 26, 1979, defendants failed to pay the amount due under the contracts until May 16, 1980. Plaintiff alleges that defendants, by their non-payment of the contract price for this extended period of time, implicitly agreed to hold the interest on this debt for the benefit of the plaintiff. Therefore, plaintiff contends that the retention of this interest by the defendants has resulted in the unjust enrichment of the defendants, at the expense of the plaintiff.

In response to plaintiff's complaint, defendants have filed this motion for summary judgment. Defendants contend that payment was made pursuant to the explicit terms of the contracts. Plaintiff's confirmation memos provided that: "Buyer agrees to pay draft for full amount of invoice with railroad bill of lading or truck delivery receipt attached." Defendants assert that there was no duty imposed by the contracts to pay the purchase price until there was a proper demand upon defendants Pike Grain Company, Inc., and Pike Grain Company Export by invoice with the supporting bills of lading. As defendants made payment on the date of demand, in compliance with the express terms of the contracts, they contend that plaintiff's complaint should be dismissed.

In response to defendants' motion for summary judgment, plaintiff asserts that it

has a cause of action under the theory of unjust enrichment. Plaintiff claims that the transactions executed by defendants and plaintiff constituted a "put through contract." According to the custom of the industry, the parties that enter this type of transaction anticipate that the only benefit that the middleman will receive is the difference between the sale and purchase price of the grain. In this instance, defendants, the middlemen, sold the same amount and type of grain to plaintiff for a higher purchase price. However, defendants further benefited by failing to pay for the grain for this extended period of time, and therefore receiving the interest on this money.

A court may only grant summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). In addition, a court is required "to view the facts in the light most favorable to the party opposing the motion." *Vette Co. v. Aetna Casualty & Surety Co.*, 612 F.2d 1076, 1077 (8th Cir. 1980). In its complaint, plaintiff alleges a cause of action under the theories of implied contract and unjust enrichment. Under Missouri law "[a] contract implied in law is imposed without regard to promise or intention of the party to be bound, the assent resting solely in legal fiction, the liability based in reason and justice.... It is a fictitious contract based primarily upon the principle of unjust enrichment, and it is essential that retention of the benefit by defendant be inequitable." *Rackers and Baclesse, Inc. v. Kinstler*, 497 S.W.2d 549 (Mo.App.1973). The Missouri Supreme Court has rejected the proposition that an express contract and an implied contract can not arise out of the same circumstances.

*Body v. Margolin*, 421 S.W.2d 761 (Mo.1967). In fact, the court emphasized that the rule that a promise by implication does not exist where the party has made an express promise can not be imposed arbitrarily or inflexibly, and the rule is in opposition to a substantial amount of Missouri case law.[1]

In its motion, defendants contend that plaintiff cannot imply a contract at variance with the express terms of a contract. In addition, defendants claim that they fully complied with the terms of the contracts and therefore this action must be dismissed as there is no issue of material fact remaining. In light of Missouri case law this Court is unable to accept these propositions. First, it is clear that despite the existence of an express promise, an implied promise can arise out of the same circumstances. *Body v. Margolin*, supra. Plaintiff is not seeking to recover on the express terms of the contract, it is instead attempting to establish that defendants' failure to pay the contracted price for this period of time was unjust under the theory of implied contract. Thus plaintiff only need to establish that the retention of this interest by defendants was unjust. Looking at the evidence in the light most favorable to the plaintiff this Court must conclude that defendants' behavior was not in compliance with the normal custom of the industry. Due to the fact that plaintiff is not alleging a breach of contract cause of action, the fact that defendants complied with the terms of the contracts is not relevant.

Accordingly, defendants' motion for summary judgment will be denied.

---

1. The court pointed out that under Missouri law, in a service contract, a plaintiff may treat an express agreement as abrogated or rescinded. A plaintiff may then recover the reasonable value of services rendered on a quantum meruit theory. The contract only will be introduced in order to resolve the question of damages. Thus it was the opinion of the Missouri Supreme Court that the rule which states that a promise by implication does not exist if a party has made an express promise is not supported by Missouri case law which allows a plaintiff to recover on the theory of quantum meruit. *Id.* at 767–77.