**JOHN H. ARMBRUSTER & CO., a corporation, and JHA Investment, Inc., a corporation, Plaintiffs-Appellants,**

v.

**The HAYDEN COMPANY—BUILDER DEVELOPER, INC., a corporation, Defendant-Respondent.**

No. 43472.

Missouri Court of Appeals, Eastern District, Division Three.

June 23, 1981.

Robert C. Jones, Clayton, for plaintiffs-appellants.

Richard Bender, Clayton, for defendant-respondent.

CLEMENS, Senior Judge.

Corporate plaintiffs Armbruster and JHA were in turn the first and second buyers of a home built by defendant. They sued defendant for $20,000 damages, pleading the defendant had breached its implied warranty of fitness because the home was not skillfully built and is not habitable. The trial court properly dismissed the peti-

tion as to original buyer Armbruster on the ground it had conveyed the home to plaintiff JHA and no longer had any interest in it. The court also dismissed the petition as Armbruster's buyer JHA on the ground JHA was never in privity with defendant-builder. Both buyers appeal. We affirm.

Plaintiffs cite two Missouri cases. In *Smith v. Old Warson Development Company*, 479 S.W.2d 795 (Mo.banc 1972), the court on transfer followed our opinion in declaring a builder impliedly warranted fitness to the first buyer of a new home. But that case is of no help to a second buyer who was not in privity with the builder.

The other cited case is *Crowder v. Vandendeale*, 564 S.W.2d 879 (Mo.banc 1978). There, as here, the original home buyer sold it to plaintiff who then sought damages from the builder for latent defects. Plaintiff there, as here, sought to extend the *Old Warson* theory of recovery by a first buyer to recovery by a second buyer. The trial court dismissed the second buyer's petition.

On appeal the supreme court affirmed, holding at l. c. 881 "the implied warranty recognized in *Old Warson* also implicitly limits the right of action to the first purchaser".

The trial court here followed *Crowder*, as we must.

Judgment affirmed.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.