529 F.Supp. 297 (1981)
R. W. MURRAY CO., a corporation, and the Citadel, Ltd., a limited partnership, by its general partners, Robert E. Kresko, Harlan R. Crow, and George A. Shutt, Plaintiffs,
v.
SHATTERPROOF GLASS CORPORATION, a corporation, and Anaconda Aluminum Company, a corporation, Defendants.
No. 81-825C(C).
United States District Court, E. D. Missouri, E. D.
December 21, 1981.
*298 Ronald Lurie, Richard Sheehan, Popkin, Stern, Heifetz, Lurie, Sheehan, Reby & Chervit, Clayton, Mo., W. Stanley Walch, Michael D. O'Keefe, Thompson & Mitchell, St. Louis, Mo., for plaintiffs.
Jim J. Shoemake, J. Bennett Clark, Guilfoil, Symington, Petzall & Shoemake, Robert S. Allen, Steven A. Muchnick, Lewis, Rice, Tucker, Allen & Chubb, St. Louis, Mo., for defendants.

MEMORANDUM
MEREDITH, District Judge.
This matter is before the Court on the separate motions of defendants Shatterproof Glass Corporation and Anaconda Aluminum Company to dismiss plaintiff's complaint for failure to state a claim or, in the alternative, to require plaintiffs to make their complaint more definite. For the reasons set forth below, defendants' motions to dismiss will be granted.
Plaintiff The Citadel, Ltd. is the owner and operator of an office building located in St. Louis County, Missouri. Plaintiff R. W. Murray Co. is a contractor who constructed the office building in 1974-1976 pursuant to a contract with The Citadel, Ltd. On July 5, 1974 R. W. Murray Co., as general contractor, entered into a subcontract with Boain Glass Co., Inc., a now inactive Illinois corporation, whereby Boain agreed to furnish all labor, material, and equipment required for the curtainwall, glass, and glazing to be used in the construction of the building. At some time thereafter, Boain entered into a contract with defendant Shatterproof Glass Corporation whereby Shatterproof agreed to supply the spandrel and vision panels to be used in the building, and Boain entered into a contract with defendant Anaconda Aluminum Company under which Anaconda agreed to supply the aluminum framing to be used for the curtainwall system in the building. All materials supplied by Shatterproof and Anaconda were delivered to the construction site and installed between 1974 and 1976.
Plaintiffs allege that the panels provided by Shatterproof and the aluminum framing supplied by Anaconda proved to be defective, necessitating replacement of the panels. Plaintiffs further allege that Shatterproof discontinued production of the color tint used in the original panels after completion of the contract and that the replacement panels therefore did not match the remaining panels, giving a "checkerboard" appearance to the building. Plaintiffs essentially seek actual damages for diminution in the rental value of the building resulting from its "checkerboard" appearance, plus punitive damages.
Plaintiffs' complaint was filed on July 15, 1981. It contains eight counts and proceeds *299 on three primary and alternative theories against each defendant. These theories are:
1. Recovery as third party beneficiaries under the terms of express warranties extended to Boain in its contracts with Shatterproof and Anaconda. (Counts I and III against Shatterproof and Count VI against Anaconda.)
2. Recovery as the consumers and users of the goods for breach of implied warranties of merchantability and fitness. (Count II against Shatterproof and Count VII against Anaconda.)
3. Recovery as users or consumers of the goods for negligence by Shatterproof and Anaconda in the manufacture, design, and sale of those goods. (Count IV against Shatterproof and Count VIII against Anaconda.)
Plaintiffs' complaint also includes a fourth theory of recovery against Shatterproof alone, which is that Shatterproof misrepresented the goods which it supplied to plaintiffs. (Count V against Shatterproof.)

I. Express Warranty Claims

Plaintiffs' express warranty claims arise from a contract for the sale of goods. As such, they are governed by the terms of the Uniform Commercial Code, § 400.1-101, et seq., V.A.M.S. Section 400.2-725(1) of the Code states that an action for the breach of any contract for sale must be commenced within four years after the cause of action has accrued. Section 400.2-725(2) provides:
A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.
Plaintiffs have not alleged the existence of any warranties of future performance. The architect's specifications attached to the subcontract between R. W. Murray Co. and Boain indicate that vision and spandrel glass panels would be replaced if they proved defective within a period of ten years. Similarly, a technical bulletin published by Environmental Glass Products, a division of Shatterproof, stated that Shatterproof would replace defective insulating glass units that caused moisture accumulation, film formation, or dust collection between interior surfaces for a period of twenty years. However, a replacement commitment does not amount to an express warranty of future performance. See Shapiro v. Long Island Lighting Co., 71 A.D.2d 671, 418 N.Y.S.2d 948, 27 U.C.C. 445, 447 (1979); Owens v. Patent Scaffolding Co., 77 Misc.2d 992, 354 N.Y.S.2d 778, 14 U.C.C. 610 (1974), rev'd on other grounds, 50 A.D.2d 866, 376 N.Y.S.2d 949, 18 U.C.C. 699 (1975). Accordingly, the breach of any express warranties in this case occurred when the goods were delivered in 1974-1976. Because plaintiffs did not file this action until 1981, their express warranty claims are barred by the four year statute of limitations provided in § 400.2-725(1). Counts I, III, and VI of plaintiffs' complaint must therefore be dismissed.

II. Implied Warranty Claims

In Groppel Co., Inc. v. U. S. Gypsum Co., 616 S.W.2d 49, 58 (Mo.App.1981) the Missouri Court of Appeals indicated that a party may bring an action for economic loss on an implied warranty theory under the Uniform Commercial Code even though he is not in privity with the seller. Under this decision, plaintiffs have standing to sue Shatterproof and Anaconda for breach of implied warranties. However, if plaintiffs seek to rely on the benefits of the Uniform Commercial Code in bringing such a claim, they must also comply with the Code's limitations. As noted above, the Code imposes a four year statute of limitations on all warranty claims, which plaintiffs have failed to meet. Their implied warranty claims are therefore time barred, and Counts II and VII of their complaint must be dismissed.

III. Negligence Claims

Under the teachings of Groppel, supra, plaintiffs could, as already suggested, *300 have maintained an action against defendants on an implied warranty theory had they complied with the applicable statute of limitations. An implied warranty action would have provided them with an adequate and appropriate remedy. On the facts of this case, there is no justification for allowing them to bring a parallel claim for economic loss based on a negligence theory. Crowder v. Vandendeale, 564 S.W.2d 879, 882-884 (Mo. en banc 1978).
Moreover, to the extent that plaintiffs could proceed on the theory of negligence, such a claim would be premised on the Uniform Commercial Code. Groppel, supra, at 59-60. Hence, the limitations period provided by the Code would control. Insofar as plaintiffs failed to file suit within that period, their negligence claims are barred. Counts IV and VIII of their complaint must therefore be dismissed.

IV. Misrepresentation Claim

In the view of this Court, § 400.2-721 of the Uniform Commercial Code mandates the use of § 400.2-725 on a claim for misrepresentation or fraud arising out of the sale of goods. Alaska Airlines, Inc. v. Lockheed Aircraft Corp., 430 F.Supp. 134, 141 (D.Alaska 1977). Because the misrepresentations on which Count V of plaintiffs' complaint is based could have occurred no later than 1976, when the allegedly defective panels were delivered, that Count is likewise barred by the four year limitations period of § 400.2-725 and must be dismissed.