**Ronald M. CLARK and Kimberly Clark, Plaintiffs-Appellants,**

v.

**LANDELCO, INC. Defendant-Respondent.**

**No. WD 33739.**

Missouri Court of Appeals, Western District.

June 28, 1983.

As Modified Aug. 30, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Sept. 28, 1983.

Application to Transfer Denied Oct. 18, 1983.

Wesley B. Jennings, Kansas City, for plaintiffs-appellants.

James Bandy, Kansas City, for defendant-respondent.

Before LOWENSTEIN, P.J., and WASSERSTROM and MANFORD, JJ.

LOWENSTEIN, Presiding Judge.

This appeal is based upon an action by the present owners of a home, (the Clarks), against the contractor Landelco, Inc., (Landelco), who built the house and sold it to the Clark's vendors, (the Olsons), who were the original purchasers. The Clarks, appellants here, in their petition alleged soon after they had purchased the residence in Gladstone, Missouri, that they discovered major faults in the basement and foundation and that these portions of the residence were damaged and in a defective condition. The Clark's original petition alleged they had been induced by fraud and the misrepresentations of the Olsons to purchase the residence. The Clarks sought both compensatory and punitive damages from the Olsons.

The Clarks filed a first amended petition and added Landelco as a defendant to their lawsuit. The first amended petition consisted of three counts. Count I alleged a separate cause of action against the Olsons based upon an alleged breach of implied warranty of habitability, and Count III restated the Clark's original claim against the Olsons for fraud and misrepresentation.

It is Count II of the amended petition directed at Landelco alone and contending that Landelco, as agent for the Olsons, negligently constructed the home purchased by the Clarks from the Olsons in December, 1978 which gives rise to this appeal. The Clarks contend that Landelco's *negligent construction* of the house had substantially decreased its value and that they should receive damages from Landelco for the amount of the decrease in value of their home. Landelco filed a motion to dismiss Count II for failure to state a claim upon which relief can be granted, and in the alternative moved for summary judgment. The trial court sustained Landelco's motion to dismiss, and designated its order as a final judgment for purposes of appeal.

The Clarks raise one point on appeal, contending trial court error in granting respondent Landelco's Motion for dismissal or, in the alternative, for summary judgment, in that the record before the court and the testimony received by it, did not as a matter of law establish that the contract entered into between the Olsons and Landelco created the relationship of principal-independent contractor rather than principal-agent as contended by the appellants.

■ The appellant's point is ruled against them. The Clark's cause of action against Landelco is based upon a theory of negligence. Missouri case law is clear, and the appellants here have no cause of action against Landelco for any damages they may have sustained as a result of builder's negligence which may have caused a deterioration in the quality of their home. The trial judge correctly ruled that the controlling law in Missouri with regard to appellant's alleged cause of action is set forth in *Crowder v. Vandendeale*, 564 S.W.2d 879 (Mo. banc 1978). The Supreme Court in *Crowder* held that there is no cause of action in tort in Missouri for deterioration or loss of bargain damages resulting from a builders alleged negligence in the construction of a residence. Any cause of action is on breach of an implied warranty of habitability theory, an action in contract. *Crowder, supra,* 881. Because this remedy is contractual in nature, it is limited to the first purchaser. *Id.* 881. The *Crowder* case was factually similar to the case at bar in that the second owner of a residence, filed

suit against the builder of her house alleging that the residence had not been constructed in a good, workmanlike manner and that the builder had negligently failed to conduct proper tests of existing soil conditions prior to pouring the foundation of the house. The plaintiff claimed that improper soil conditions had caused the house to settle and the floor and foundation to crack.

The plaintiff in *Crowder* was unable to rely upon implied warranty of habitability, as she was a second purchaser. The Court determined that a separate cause of action based upon tort principles should not be recognized in Missouri, noting:

> "Our conclusion is that implied warranty recovery provides an adequate and appropriate remedy where a first purchaser seeks damages from a builder for deterioration as a result of latent structural defects in the house purchased and that a second theory of recovery based on failure to use ordinary care should not be authorized."

*Crowder v. Vandendeale, supra,* 564 S.W.2d at 884. *Accord, John H. Armbruster & Co. v. Hayden Company—Builder Developer, Inc.,* 622 S.W.2d 704 (Mo.App.1981); *Sands v. R.G. McKelvey Bldg. Co.,* 571 S.W.2d 726 (Mo.App.1978).

▆ The implied warranty of habitability theory for homes is applicable only to first purchasers, who are in privity of contract with the builders, and a negligence theory is applicable only when a harm is claimed as having been caused by negligent workmanship. *Crowder, supra,* 882. Neither of the above theories is applicable in the instant case. The Clark's cause of action is based in tort as they claim negligence on the part of Landelco in constructing their house. As second purchasers, the Clarks are not in privity of contract with Landelco and thus are barred from a cause of action based on a theory of implied warranty of habitability. The Clarks made no claims for personal injury due to the alleged negligent acts of Landelco, barring any action in tort. The Clarks have no cause of action against Landelco for deterioration or loss of bargain

damages; they are subsequent purchasers who sued the contractor in tort, a situation specifically not susceptible to recovery under *Crowder, supra.*

The appellants' subpoints dealing with summary judgment are not well taken. The trial court properly granted respondent's motion to dismiss because the appellants' amended petition failed to state a claim upon which relief could be granted.

The judgment of the trial court is affirmed.

All concur.