**Peter GRGIC, Appellant,**

v.

**Carl COCHRAN and Barbara Cochran, Respondents.**

**Nos. 48452, 48477.**

Missouri Court of Appeals, Eastern District.

Feb. 13, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 9, 1985.

Application to Transfer Denied May 29, 1985.

Prudence L. Fink, Union, for appellant.

John Robert O'Connor, I.I. Lamke, Kimme, Lamke & O'Connor, Washington, for respondents.

CRIST, Judge.

Plaintiff (subcontractor) appeals the dismissal of his equitable mechanic's lien action for failure to timely substitute the statutory trustees of original contractor, a corporation which had forfeited its charter, and the failure to grant a default judgment against those statutory trustees. Defendants Carl and Barbara Cochran (owners) cross-appeal the dismissal of their counterclaim sounding in tort and contract, alleging poor workmanship and conversion of building materials. We affirm the dismissal of Counts I and II of owners' counterclaim, and reverse the balance of the judgment.

Owners contracted with WECO Enterprises, Inc. (original contractor) to build a house. Part of the work was subcontracted to subcontractor. Original contractor did not pay for the work, and, on December 28, 1978, subcontractor filed his mechanic's lien statement.

The corporate charter of original contractor was forfeited by the Secretary of State

on January 1, 1979. Neither owners nor subcontractor had any knowledge of this forfeiture until 1981. Upon the forfeiture, W. Wallace Warren and Steven C. Evrard, the members of the last board of directors of the corporation, became the statutory trustees of the corporation. Warren was also the last registered agent of the corporation.

On April 23, 1979, subcontractor filed this equitable mechanic's lien action against owners, original contractor as a corporation, the construction financer, and four other mechanic's lien claimants. Corporate capacity of contractor was denied in owners' answer on lack of information and belief.

The return of service on the first summons issued against original contractor shows service on Mrs. Wallace Warren, contractor's office manager, at the Warren residence, on May 22, 1979. A second summons against original contractor was returned "non-est" on May 29, 1979, showing contractor had moved. A third service was made on W. Wallace Warren, as contractor's registered agent, on June 17, 1980. After discovery of the forfeiture of the corporate charter, subcontractor, on August 1, 1981, asked for and received permission to join the statutory trustees. He amended his petition on August 21, 1981, naming the trustees as defendants, served Warren personally on September 9, 1981, and served the other trustee, who could not be found and personally served, by publication. At all times, contractor, either as a corporation or as the statutory trustees, was in default.

The issue is whether subcontractor commenced his action against all defendants within six months after filing his lien statement, as required by § 429.170, RSMo 1978. Suit was filed on April 23, 1979, well within six months of filing the lien statement on December 28, 1978. All necessary parties must be joined within that period. The question is whether the amendment of the petition joining the trustees relates back to the date of filing under Rule 55.-

33(c). *Home Bldg. Corp. v. Ventura,* 568 S.W.2d 769, 771–72 (Mo. banc 1978).

■ Rule 55.33(c) contains three requirements for an amendment to a pleading to relate back to the original date of filing. First, the claim must arise from the conduct, transaction or occurrence that is the subject of original petition. Here, subcontractor raises precisely the same claim against trustees as he did against original contractor.

The second and third requirements are likewise met. If the party to be added, within the period of time provided for the commencement of the action, (1) has received notice of the action, so that he will not be prejudiced in maintaining a defense, and (2) knew or should have known he would have been a defendant but for a mistake, then the amendment will relate back. Rule 55.33(c). Here, at least one trustee (Warren) had the requisite notice, as he had been served with process in his capacity as agent for the corporation. As a director, Warren should have known the facts surrounding the forfeiture of the charter. And, as original contractor, either as a corporation or through its statutory trustees, always was in default, no prejudice to it can be shown. There is also no prejudice to owners, nor a showing in the record of either subcontractor's failure to prosecute the action with due diligence or owners' attempt for a quick resolution of the action. The lien action should not have been dismissed. *Home Bldg. Corp.,* 568 S.W.2d at 772.

■ Subcontractor also properly complains of the trial court's failure to grant a default judgment against the trustees as well as against original contractor, WECO. The default judgment against WECO is not challenged. The trustees are equally in default, and judgment should have been granted against them as well.

Owners' cross appeal asserts error in the dismissal of their counterclaim. Count I alleged subcontractor had a duty in tort to owners to perform labor and services in a workmanlike manner. Count II alleged

owners were third party beneficiaries of a contract between original contractor and subcontractor, suing for damages for the breach thereof. Both counts alleged various defects in the building as damages resulting from the breach of duty or contract. Count III alleged tortious conversion of lumber and nails. The trial court dismissed all three counts for want of privity.

 The dismissal of counts I and II was proper whether viewed in contract or in tort. Subcontractor had no contract with owners and there was no privity of contract between them. *Rackers and Baclesse, Inc v. Kinstler*, 497 S.W.2d 549, 553 (Mo.App.1973). Owners, therefor, could not sue subcontractor directly for breach of contract, which was the real basis of these counts. Owners' remedy is to sue the original contactor or his trustees on their contract. *Kahn v. Prahl*, 414 S.W.2d 269, 277–78[2, 3] (Mo.1967). There is no duty owed to owners by subcontractor in the absence of privity of contract. See *H.R. Moch Co. v. Rensselaer Water Co.*, 247 N.Y. 160, 159 N.E. 986 (1928).

 Owners' theory of tort liability also must fail. The liability of a contractor to an owner for defective construction is based either on breach of contract, *see e.g. Kahn*, supra; or warranty, not tort. *Crowder v. Vandendeale*, 564 S.W.2d 879, 881–85 (Mo. banc 1978). *Clark v. Landelco, Inc.*, 657 S.W.2d 634, 635–36 (Mo.App. 1983).

 The dismissal of Count III was erroneous. That count, alleging conversion of building materials, had no connection to the contractual relationships of original contractor, subcontractor and owners. Privity of contract is not an element of conversion. *See, e.g. Farmers & Merchants Bank of St. Clair v. Borg-Warner Acceptance Corp.*, 665 S.W.2d 636, 640 (Mo.App.1983).

The dismissal of Counts I and II of the counterclaim is affirmed. The judgment, in all other respects, is reversed and remanded.

DOWD, P.J., and CRANDALL, J., concur.