651 F.Supp. 543 (1986)
TITAN TUBE FABRICATORS, Plaintiff,
v.
UNIDYNAMICS CORPORATION and its division National Vendors, Defendants.
No. 86-264C(6).
United States District Court, E.D. Missouri.
August 19, 1986.
Jeffery T. Demerath, Greensfelder, Hemker, Weise, Gale Y. Chappelow, St. Louis, Mo., for plaintiff.
Dan H. Ball, Nicholas J. Lamb, Thompson & Mitchell, St. Louis, Mo., for defendants.

ORDER AND MEMORANDUM
GUNN, District Judge.
IT IS HEREBY ORDERED that the motion of defendants Unidynamics Corporation and its division National Vendors for summary judgment on Count II of plaintiff's complaint be and it is granted.
Plaintiff brought this two-count complaint seeking damages for lost profits suffered as a result of defendant National Vendors' failure adequately to perform on a contract. Plaintiff and defendant entered into an agreement in August 1983 whereby defendant would paint and ship to a third party doorskins manufactured by plaintiff. Plaintiff alleges that defendant failed to perform its contractual services in a manner meeting the specifications of the third-party purchaser, causing plaintiff to lose its supply contract with that purchaser.
Plaintiff asserts two alternative grounds for recovery: Count I asserts a cause of action for breach of contract, and Count II seeks recovery in tort. Defendant moves for summary judgment on Count II on the basis that under Missouri law a plaintiff cannot recover damages for economic loss in tort unless the plaintiff also suffered personal injury or property damage to property other than the property at issue. See R.W. Murray Co. v. Shatterproof Glass Corp., 697 F.2d 818, 828-29 (8th Cir. 1983); Clevenger & Wright Co. v. A.O. Smith Harvestore Products, Inc., 625 S.W.2d 906, 909 (Mo.App.1981).
Plaintiff argues that the general rule limiting it to contract damages for economic loss should yield in this case because the contract at issue here was for services rather than goods, so the implied warranty of merchantability under the Uniform Commercial Code, see §§ 400.1-314, RSMo (1985), does not afford plaintiff any protection. Inasmuch as the policy underlying the limitation of economic loss recovery to *544 suit on a contract as articulated in the Missouri case law reflects a recognition of this implied warranty protection, plaintiff argues that the rule and its rationale do not extend to economic loss occasioned by negligent performance of services.
The Court is not persuaded by plaintiff's theory. As noted by the Missouri Court of Appeals in Ribando v. Sullivan, 588 S.W.2d 120, 123 (Mo.App.1979), the common law recognizes an implied warranty or condition of good workmanship. This common law implied warranty would provide plaintiff the protection in a negligent performance of services case that § 400.1-314 provides in every sale of defective goods. Therefore, the policy considerations discussed in Shatterproof Glass dictate a limitation of plaintiff's recovery to suit on contract in a sale of services case as well.
This Court has recognized a cause of action for negligent performance of professional services. Bryant v. Murray-Jones-Murray, Inc., 653 F.Supp. 1015 (E.D.Mo. 1985), citing Aetna Ins. Co. v. Hellmuth, Obata & Kassabaum, Inc., 392 F.2d 472 (8th Cir.1968). However, there is a significant difference between the negligent supervision of a complex construction project by a licensed architect and the careless application of paint by a company that contracted to perform painting services. Accordingly, plaintiff is not entitled to recover on its alternative theory grounded in tort, and summary judgment on Count II of plaintiff's complaint is appropriate.