650 F.Supp. 116 (1986)
COLLEGIATE ENTERPRISES, INC., and Broadmoor Realty, Inc., Plaintiffs,
v.
OTIS ELEVATOR COMPANY, Defendant.
No. 86-1171C(6).
United States District Court, E.D. Missouri, E.D.
December 22, 1986.
*117 Robert D. Blitz, Riezman & Blitz, St. Louis, Mo., for plaintiffs.
George F. Kosta, St. Louis, Mo., for defendant.

MEMORANDUM
GUNN, District Judge.
This matter is before the Court on defendant's motion to dismiss the complaint in its entirety as to one of the plaintiffs, and to dismiss various counts as to the other plaintiff.
The case arises out of a contract between a general contractor and a subcontractor for the manufacture and installation of three elevators in a condominium development. Plaintiff Collegiate Enterprises, Inc. (Collegiate) was the general contractor for the development owned by plaintiff Broadmoor Realty, Inc. (Broadmoor). Upon reviewing a proposal and bid submitted by defendant Otis Elevator Co. (Otis), Collegiate contracted with Otis for the manufacture and installation of two elevators in a residential building of the complex and one in the recreation building, for a total contract price of $201,881.00. The complaint, filed jointly by Collegiate and Broadmoor, alleges that the elevators were defective and seeks damages for economic loss under several theories of recovery: Count I is for breach of contract; Count II for breach of express warranty; Counts III and IV for breach of implied warranties of merchantability and fitness for a particular purpose, respectively; Count V for fraudulent misrepresentation; Count VI for negligent misrepresentation; and Count VII for negligent manufacture and installation.
In each count plaintiffs jointly seek actual damages for economic loss in the amount of $10,000,000 asserting as one of the elements of damages Broadmoor's loss of profits from its inability to sell condominium units because of the defective elevators. Punitive damages are sought under Counts V and VI, the misrepresentations claims.
Now under consideration is defendant's motion to dismiss the complaint in its entirety as to Broadmoor and to dismiss all claims except the breach of contract claim as to Collegiate. For dismissal of Broadmoor's claims defendant argues that it is not subject to suit by Broadmoor because Broadmoor was not in privity of contract with defendant. In opposition to defendant's motion, plaintiff Broadmoor argues that it is a third-party beneficiary to the contract between Collegiate and Otis and as such could sue on the contract. This argument was rejected by the Missouri Court of Appeals in Grgic v. Cochran, 689 S.W.2d 687, 689-90 (Mo.Ct.App.1985), as follows:

*118 Owners' cross appeal asserts error in the dismissal of their counterclaim. Count I alleged subcontractor had a duty in tort to owners to perform labor and services in a workmanlike manner. Count II alleged owners were third party beneficiaries of a contract between original contractor and subcontractor, suing for damages for the breach thereof. Both counts alleged various defects in the building as damages resulting from the breach of duty or contract.... The trial court dismissed [both] counts for want of privity.
The dismissal of counts I and II was proper whether viewed in contract or in tort. Subcontractor had no contract with owners and there was no privity of contract between them. Rackers and Baclesse, Inc. v. Kinstler, 497 S.W.2d 549, 553 (Mo.App.1973). Owners, therefore, could not sue subcontractor directly for breach of contract, which was the real basis of these counts. Owners' remedy is to sue the original contractor ... on their contract. Kahn v. Prahl, 414 S.W.2d 269, 277-78[2, 3] (Mo.1967). There is no duty owned to owners by subcontractor in the absence of privity of contract. See H.R. Moch Co. v. Rensselaer Water Co., 247 N.Y. 160, 159 N.E. 986 (1928).
Owners' theory of tort liability also must fail. The liability of a contractor to an owner for defective construction is based either on breach of contract, see e.g. Kahn, supra; or warranty, not tort. Crowder v. Vandendeale, 564 S.W.2d 879, 881-85 (Mo. banc 1978). Clark v. Landelco, Inc., 657 S.W.2d 634, 635-36 (Mo.App.1983).
See also 4 A. Corbin, Corbin on Contracts § 787 (1951) (owner of building is not a third-party beneficiary to contract between principal contractor and subcontractor for supply of and incorporation of materials into building). Based upon this authority Broadmoor's claims for breach of contract (Count I) and for negligence (Count VII) are dismissed. Broadmoor's claims based on misrepresentations (Counts V and VI) are also dismissed because the complaint does not allege any misrepresentations made to Broadmoor or action taken by Broadmoor in reliance on any misrepresentations. Similarly Broadmoor's claim for breach of an express warranty under the Uniform Commercial Code as adopted by Missouri, Mo.Rev.Stat. § 400.2-313, fails to state a claim because there is no allegation that Broadmoor was aware of or made any decision on the basis of such a warranty given by Otis.
Broadmoor may, however, maintain an action for economic loss on an implied warranty theory under Mo.Rev.Stat. §§ 400.2-314 & 400.2-315, even though it is not in privity with Otis. See R.W. Murray Co. v. Shatterproof Glass Corp., 529 F.Supp. 297, 299 (E.D.Mo.1980) (office building owner and general contractor sustaining economic loss had standing to sue suppliers of panels and aluminum framing for breach of implied warranties even though suppliers had entered the supply contracts with a subcontractor); Groppel Co. v. U.S. Gypsum Co., 616 S.W.2d 49, 58 (Mo.Ct.App.1981) (subcontractor responsible for applying fireproofing materials to building could recover economic loss from manufacturer of materials for breach of implied warranties even though subcontractor did not purchase materials from manufacturer).
Defendant next argues that plaintiff Collegiate is limited to a breach of contract claim against defendant and that all counts except Count I of Collegiate's complaint should therefore be dismissed.
The Court concludes that Counts VI and VII of Collegiate's complaint, based on negligence, fail to state claims upon which relief can be granted, and accordingly dismisses these counts. Under Missouri law a plaintiff cannot recover damages for economic loss on a negligence theory. See R.W. Murray Co. v. Shatterproof Glass Corp., 697 F.2d at 828-29 (defective goods); Titan Tube Fabricators v. Unidynamics Corp., 651 F.Supp. 543 (E.D.Mo.1986) (order granting partial summary judgment) (unworkmanlike *119 services); City of Clayton v. Grumman Emergency Products, 576 F.Supp. 1122, 1125 (E.D.Mo.1983) (defective goods). The Court concludes, however, that Collegiate's other theories of recovery are legally sound and sufficiently specific.
Defendant next argues that Broadmoor's loss of profits are too speculative to be a proper element of damages and should be stricken from the complaint. The measure of damages for Broadmoor's implied warranty claims is governed by Mo. Rev.Stat. §§ 400.2-714 & .2-715 which permit recovery of consequential damages. Although lost profits are by their nature uncertain, they may be recovered in Missouri when they are made "reasonably certain by proof of actual facts which present data for a rational estimate without resorting to speculation." Community Title Co. v. Roosevelt Fed. Sav. & Loan Ass'n, 670 S.W.2d 895, 906 (Mo.Ct.App.1984). Broadmoor is entitled to an opportunity to try to meet this standard of proof.

ORDER
Pursuant to the memorandum filed herein this day,
IT IS HEREBY ORDERED that defendant's motion to dismiss, to strike or for a more definite statement is granted in part and denied in part as follows:
Counts I, II, V, VI and VII of plaintiff Broadmoor Realty, Inc.'s complaint against defendant are dismissed.
Counts VI and VII of plaintiff Collegiate Enterprises, Inc.'s complaint are dismissed.
Defendant's motion is denied in all other regards.