Gilbert and Lavora EAST, Appellants,

v.

GALEBRIDGE CUSTOM BUILDERS, INC., Timothy Spinks, individually and d/b/a T & G Masons, and Kienstra Ready Mix of O'Fallon, Inc., Respondents.

No. 61022.

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 10, 1992.

Margit L. Halvorson, St. Ann, for appellants.

Joel D. Brett, St. Charles, Richard J. Burke, Jr., St. Louis, William W. Brown, Bridgeton, for respondents.

STEPHAN, Judge.

Gilbert and Lavora East appeal from a trial court order which sustained Kienstra Ready Mix of O'Fallon, Inc.'s ("Kienstra"), and Timothy Spinks', d/b/a T & G Masons ("Spinks"), motions to dismiss on the ground that the Easts' second amended petition failed to state a cause of action upon which relief could be granted. We affirm.

In August 1984, the Easts entered into a contract with Galebridge Custom Builders, Inc. ("Galebridge"), to build a three bedroom, single-family residence. Galebridge delegated certain of its contractual duties to subcontractors. Specifically, Galebridge enlisted Kienstra's services to mix and deliver the concrete necessary for the basement floor, basement walls, garage floors and exterior porches of the Easts' home. Galebridge engaged Spinks' services to perform the masonry work on the Easts' residence. Neither Kienstra nor Spinks executed written contracts with Galebridge or with the Easts.

After construction of the Easts' home, problems developed. Specifically, the basement walls, basement floor and exterior porches of the Easts' home cracked, honeycombed and spalled, resulting in leakage of water into the Easts' residence. On November 4, 1987, the Easts filed suit against Galebridge. After Galebridge filed its answer and the Easts conducted preliminary discovery, the Easts realized that Kienstra and Spinks were among the subcontractors who performed the allegedly defective work on their residence. Therefore, by leave of court, the Easts amended their petition to add Kienstra and Spinks as defendants. Both Kienstra and Spinks subsequently filed motions to dismiss the Easts' petition for failure to state a cause of action upon which relief could be granted. On February 1, 1991, the trial court sustained both Kienstra's and Spinks' motions to dismiss.

Subsequently, on February 20, 1991, the Easts filed a second amended petition, sounding in six counts. The Easts currently allege that the trial court erred in dismissing two of these counts. Thus, our facts will be confined to a discussion of the single issue that is presented in each of these counts. Specifically, the Easts allege that they entered into a written contract with Galebridge whereby Galebridge agreed to construct a single-family residence for them. The Easts further allege that in order for Galebridge to partially perform its contractual duties to the Easts, Galebridge entered into oral contracts with Kienstra and Spinks whereby: (1) Kienstra agreed to mix and deliver concrete to Galebridge for the construction of the Easts' home in exchange for Galebridge's promise to pay for the same; and (2) Spinks agreed to perform the masonry work in exchange for Galebridge's promise to pay for the same. The Easts further alleged that when Kienstra and Spinks entered into their oral contracts with Galebridge, they were aware that their agreements to perform were only for the Easts' benefit. The Easts argued that as owners of their residence, they are third-party beneficiaries of the oral contracts between: (1) Galebridge and Kienstra; and (2) Galebridge and Spinks. Finally, the Easts alleged that Kienstra and Spinks breached their contractual duties to Galebridge, which in turn caused damage to them.

On February 25, 1991, Kienstra again filed a motion to dismiss for failure to state a cause of action upon which relief could be granted. Two days later, Spinks filed a similar motion. On September 13, 1991, the trial court held a hearing on these motions.

On September 20, 1991, the trial court entered its amended consolidated order of dismissal. The trial court found that a homeowner may not sue a subcontractor

directly for breach of contract because subcontractors do not owe a duty to homeowners in the absence of privity of contract. The trial court further held that the Easts failed to allege facts in their second amended petition to support any theory that they are third-party beneficiaries to the oral contracts entered into between: (1) Galebridge and Kienstra; and (2) Galebridge and Spinks. Finally, the trial court, pursuant to Rule 74.01(b), determined that no just reason existed for delay in entering the order as a final order for purposes of appeal. It is from these findings that the Easts currently appeal.

The Easts advance two reasons why the trial court erred in sustaining both Kienstra's and Spinks' motions to dismiss for failure to state a cause of action upon which relief could be granted. First, the Easts assert that the trial court erred in holding that: (a) an owner cannot sue a subcontractor directly for breach of contract; and (b) their sole remedy is for breach of contract against Galebridge, because Missouri law permits owners to recover from subcontractors under a third-party beneficiary theory. Second, the Easts contend that their second amended petition sufficiently states the essential elements of third-party beneficiary liability, and that the trial court erred in holding otherwise.

At the outset, we note that in reviewing a dismissal for failure to state a claim upon which relief can be granted, the sole issue to be decided is whether, after allowing the pleading its broadest intendment, treating all facts alleged as true, and construing all allegations favorably to plaintiffs, the averments invoke substantive principles of law entitling plaintiff to relief. *Chase Elec. Co. v. Acme Battery Mfg. Co.*, 798 S.W.2d 204, 207–208 (Mo.App. 1990).

In *Grgic v. Cochran*, 689 S.W.2d 687 (Mo.App.1985), owners contracted with WECO Enterprises, Inc. ("original contractor") to build a house. Dissatisfied, the owners sued subcontractor, by way of counterclaim. Owners alleged that they were third-party beneficiaries of the contract between original contractor and subcontractor, and that they were suing for damages for the breach thereof. The trial court dismissed the owners' claim for lack of privity.

In that case, we held that the dismissal was proper. We stated:

> Subcontractor had no contract with owners and there was no privity of contract between them. *Rackers and Baclesse, Inc. v. Kinstler*, 497 S.W.2d 549, 553 (Mo.App.1973). Owners, therefor, [sic] could not sue subcontractor directly for breach of contract, which was the real basis of these counts. Owners' remedy is to sue the original contractor or his trustees on their contract. *Kahn v. Prahl*, 414 S.W.2d 269, 277–78[2, 3] (Mo. 1967). There is no duty owed to owners by subcontractor in the absence of privity of contract. See *H.R. Moch Co. v. Rensselaer Water Co.*, 247 N.Y. 160, 159 N.E. 896 (1928).

*Id.* at 690.

Applying these principles to the case at bar, we now hold that the trial court did not err in sustaining Kienstra's and Spinks' motions to dismiss for failure to state a cause of action upon which relief could be granted. Neither Kienstra nor Spinks had a contract with the Easts. There was no privity of contract between them and, thus, neither Kienstra nor Spinks owed a duty to the Easts. The Easts, therefore, could not sue Kienstra nor Spinks directly for breach of contract. *Grgic v. Cochran*, 689 S.W.2d 687, 690 (Mo.App.1985). The Easts' remedy is to sue Galebridge or his trustees on their contract. *Id.* Thus, since the trial court properly held that: (a) an owner cannot sue a subcontractor directly for breach of contract; and (b) the Easts' sole remedy is for breach of contract against Galebridge, the Easts' first point is denied. Moreover, since the Easts cannot sue Kienstra and Spinks directly as third-party beneficiaries of the oral contracts between: (a) Galebridge and Kienstra; and (b) Galebridge and Spinks, their second amended petition does not sufficiently state a cause of action upon which relief could be grant-

ed. The Easts' second point is, therefore, denied.

For these reasons, the trial court's judgment is affirmed.

PUDLOWSKI, P.J., and CRIST, J., concur.